## BEERS *vs.* PINNEY & GREEN.

It is no defence to an action on a *bond to indemnify special bail*, that the bail, after the commencement of the suit against him, *surrendered* the principal, where it appears that notice of the suit against the bail was forthwith given to the obligors of the bond. Such notice imposed upon them the defence of the suit; and if the surrender was effected, they should have availed themselves of it.

DEMURRER to pleas. The plaintiff declared on a bond of indemnity, given by the defendants to save him harmless from any loss he might sustain in consequence of having become *special bail* for Pinney, in a suit brought by one Johnson against Pinney in the *Onondaga* common pleas. The plaintiff avers, that on the *twenty-sixth* day of January, 1829, Johnson instituted a suit against him, the plaintiff, upon his recognizance of bail, for the recovery of $166,03, the amount adjudged to Johnson in his suit against Pinney: of which suit, the defendants, on the day of its commencement, had notice. The plaintiff then further avers, that in November, 1829, Johnson recovered a judgment against him in the suit on the recognizance, for $166,03 debt, and $77,51 costs, and that he had been forced and obliged to pay, and had paid the amount of said judgment, and had incurred expense in the defence of the suit, &c. to wit, on, &c. of which the defendants had notice. Lester, one of the defendants, pleaded, that *before the plaintiff had become fixed as special bail for him*, to wit, on the *twenty-eighth* day of January, 1829, the plaintiff arrested him on a *special bail piece*, and had him duly committed to the custody of the sheriff of the county of Herkimer, in whose custody he was at the time of such surrender, by virtue of a commitment in another suit

before then commenced, and in whose custody he has since re-
mained; wherefore, he says, if any damage has accrued to
the plaintiff, it has been of his own wrong, and he therefore
prays judgment, &c.    The defendant also put in another plea
similar to the last, except that in it he averred, that by reason
of his committal, by the procurement of the plaintiff, to the
custody of the sheriff of *Herkimer*, he was prevented from
surrendering himself to the custody of the sheriff of *Ononda-
ga*, in exoneration of his bail.    To these pleas the plaintiff de-
murred.

*J. A. Spencer*, for the plaintiff.    The defendants having had
notice of the suit against the plaintiff, were bound to assume
the defence of it, and the judgment is conclusive against them.
The surrender of Pinney to the custody of the sheriff of *Her-
kimer* is no defence in this suit; if it was a defence in the suit
*against* the plaintiff, the defendants here should have availed
themselves of it; if it was a void proceeding, Pinney was not
prevented from surrendering himself to the sheriff of *Onon-
daga*.

*L. Ford*, for the defendants.    The plaintiff having availed
himself of the higher remedy of proceeding directly against
the *person* of the defendant, cannot now resort to the lesser
remedy of a bond of indemnity.    By exerting the power which
the law gave him, of *imprisoning* his principal, he waived his
right to sue on the bond.    The case of *The People* v. *Stager*,
10 Wendell, 431, fully supports this position.    The surrender
was legally made to the sheriff of *Herkimer*, Laws of 1818,
p. 156, and if the plaintiff did not take the necessary steps to
render it effectual, it was his own fault.

*By the Court*, SUTHERLAND, J.    The declaration avers that
the plaintiff gave immediate notice to the defendants of the
commencement of the suit against him, upon his recogni-
zance by Johnson, and of the nature and pendency thereof
and the proceedings therein.    After such notice, they were
bound to defend the suit; and whether they did or did not,

the recovery is conclusive against them.   1 Johns. R. 517. 6 id. 158.   7 id. 168.   4 Cowen, 340.

UTICA,
July, 1834.

The defendants were not prejudiced by the surrender of Pinney to the Herkimer county jail by the plaintiff, whether that surrender operated as a discharge of the bail or not.   If it was a good surrender, the defendants should have set it up as a defence to the suit; if it was not, then it did not prevent the defendants from making an effectual surrender.   They were in no respect injured by the act; after notice they were the real parties to the suit, and were bound to conduct the defence.   The pleas are therefore bad, and the plaintiff must have judgment on the demurrer.

Judgment for plaintiff.