*R. Choate & C. W. Loring*, for the plaintiffs.

*E. R. Hoar*, for the defendants.

---

## CITY OF BOSTON *vs.* ROLAND WORTHINGTON & others.

A verdict and judgment against a city, in an action for personal injuries occasioned by a defect within the limits of a highway, are conclusive evidence in a subsequent action by the city against a tenant of the land (who had notice of the pendency of the former action and of the city's intention to hold him responsible for all damages recovered therein, and had opportunity to furnish evidence, and testified at the trial, although he was not requested to and did not take upon himself the defence of that action) that the highway was defective, that the person was injured there, while using due care, and of the amount of the injury; but not of the tenant's liability to keep the place in repair, nor of his having neglected to do so, nor of such negligence having been the sole cause of the injury.

A covenant in a lease " that no alteration or addition shall be made in or to the premises without the consent of the lessor " does not relieve the lessee from liability for injuries resulting to a third person from want of repair of the premises.

ACTION OF TORT, to recover the amount of a judgment recovered in this court by George F. Southwick against the plaintiffs, who paid the amount to him. Trial before *Bigelow*, J., who reported the following case :

" Southwick alleged in his declaration against these plaintiffs that he was greatly injured in his person, by falling into a cellar

way in Congress Square, one of the public streets or highways in Boston, which the city was bound to keep in proper repair and in safe condition for public travel; that he fell into this cellar way, while he was passing through Congress Square, and using due care, by reason of the cellar way projecting into the highway and not being properly protected or guarded by railing or otherwise.

" After the commencement of the suit by Southwick, the plaintiffs notified the defendants of the pendency thereof; that they might furnish any evidence they had or could procure in defence thereof; and that the plaintiffs would hold the defendants responsible for all damages which Southwick should recover against the plaintiffs in that action.\* Two of the defendants were present at the trial, and testified therein. Southwick recovered in that action the amount of $12.000 damages and $257.82 costs.

" The defendants, at the time when Southwick met with this accident, were the tenants of a portion of the building and of the cellar under the same in Congress Square, leading to the cellar of the brick building, which was the cellar way into which Southwick fell; and they held their portion of the premises under a lease, in which they covenanted ' that no alterations or additions shall be made during the term aforesaid in or to the same, without the consent of the lessors, or of those having their estate in the premises, being first obtained in writing.'

" The defect in the cellar way was, that it was not covered

---

\* City Solicitor's Office, October 15, 1852.

Messrs. Worthington, Flanders & Co., Proprietors and Publishers of the Traveller. Gentlemen: George F. Southwick of Boston has brought an action against the city of Boston, by writ returnable at the next November term of the supreme judicial court, to recover damages for an injury which he alleges he received by an alleged defect in the highway called Congress Square, in a place understood to be occupied by you. The accident is alleged to have occurred on the 20th day of August last, and damages have been laid at $30,000. You will please to take notice that the city will hold those responsible who had the charge and custody of the place of the accident. You will govern yourselves accordingly.

Very respectfully your obedient servant,

P. W. Chandler, City Solicitor.

42\*

nor protected by a railing three feet high above the sidewalk, as required by the ordinances of the city, and it had been in the same state for over twenty years. [Ordinances of Boston of 1850, p. 528.]

" The plaintiffs contended that the defendants were, under the circumstances above stated, concluded by the judgment of Southwick against them, and all matters therein adjudicated; and that they were estopped to deny the same, or their liability to pay the plaintiffs the amount thereof; and they offered no evidence to support their case, except said judgment.

" The defendants contended that they had not such an estate, in the building and premises occupied by them, as made them liable for the defect in the cellar way, and that they had no control or authority to alter it; and that if they then were so liable, by reason of their tenancy as aforesaid, they were not concluded by the judgment of Southwick against the plaintiffs, but were at liberty, in the trial of this action, to traverse every fact adjudicated therein, except the amount of damages recovered.

" A verdict was returned for the defendants by consent, with the agreement that if, under the lease aforesaid, the defendants were responsible for the condition of the cellar way, and if the judgment aforesaid was sufficient evidence to sustain the plaintiffs' allegations, without further proof, then the verdict should be set aside, and a new trial ordered; otherwise, judgment to be rendered for the defendants on the verdict."

*G. S. Hillard & J. P. Healy*, for the plaintiffs.

*R. Choate & H. F. Durant*, for the defendants.

Metcalf, J. Southwick's judgment against the plaintiffs is conclusive against the defendants, as to all the facts thereby established, provided the defendants had due notice of the pendency of the action in which that judgment was recovered, and had an opportunity to defend it. So far the adjudications are decisive. In *Littleton* v. *Richardson*, 34 N. H. 187, Bell, J. thus states the law : " When a person is responsible over to another, either by operation of law or by express contract, and he is duly notified of the pendency of the suit, and requested to take upon

him the defence of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he was the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not." In addition to the authorities there cited in support of this position, see *Clark* v. *Carrington,* 7 Cranch, 322 ; *Hamilton* v. *Cutts,* 4 Mass. 353 ; *Bond* v. *Ward,* 1 Nott & McCord, 201 ; *Kip* v. *Brigham,* 6 Johns. 158.

It is not denied by the defendants, and cannot be, that they are responsible over to the plaintiffs, by operation of law, if the plaintiffs were held answerable to Southwick by reason of the sole fault of the defendants. *Lowell* v. *Boston & Lowell Railroad,* 23 Pick. 24. *Lowell* v. *Short,* 4 Cush. 275. *Lowell* v. *Spaulding,* 4 Cush. 277.

Had the defendants such notice of the pendency of Southwick's action, as renders the judgment recovered therein conclusive against them, to any extent ? We are of opinion that they had. They were informed when Southwick's writ was returnable ; that he had sued for an injury received on a day named, by a defect in the highway, called Congress Square, in a place occupied by them ; they were directed to take notice that the plaintiffs would hold those responsible who had the charge and custody of the place of the accident ; and they were required to govern themselves accordingly. They were not, in terms, requested to take upon themselves the defence of that action. And this was not necessary in order to render the judgment conclusive against them as to the facts thereby established. *Blasdale* v. *Babcock,* 1 Johns. 517. *Barney* v. *Dewey,* 13 Johns. 226. *Warner* v. *Mc Gary,* 4 Verm. 508. *Beers* v. *Pinney,* 12 Wend. 309. The defendants, by the notice given to them of Southwick's action, had an opportunity to defend it, and the case shows that they " were present at the trial, and testified therein." This fact, according to Spencer, J. in 13 Johns. *ubi sup.* is sufficient to show such notice as to render the judgment conclusive against them.

City of Boston *v.* Worthington & others.

The defect in the highway, for which the plaintiffs were made answerable to Southwick, was an uncovered cellar way, not protected by such a railing as was required by the ordinances of the city ; and this defect existed before the defendants occupied the place of the accident. And they contend that they had no legal right to remedy that defect, and therefore are not responsible for it, because their lease provided that no alterations nor additions should be made by them, without the written consent of their lessors. But we have no doubt that the repairing of a defect is not an alteration nor an addition, within the meaning of the lease. Nor do we suppose that a covenant by the defendants, with their lessors, to continue a nuisance, would exonerate them from liability to third persons, or to the Comwealth, for its continuance.

The judgment recovered by Southwick against the plaintiffs is conclusive against these defendants, on three points : That the highway in Congress Square was defective ; that Southwick was injured there, while using due care ; and that he suffered damage to the amount of twelve thousand dollars. But it is not conclusive against the defendants on the question whether they were bound to keep the highway safe, or, if they were, that they were guilty of such negligence as would charge them in this suit, or would have charged them, if Southwick had brought an action against them ; nor on the question whether Southwick's damage was caused by their sole fault.

On a new trial of this action, which must be ordered, the defendants may be permitted to show that they were not bound to make the highway safe, or, if they were, that Southwick's injury was not caused solely, if at all, by their default. If it was caused by the joint fault of the plaintiffs and defendants, the plaintiffs cannot recover. One of two joint wrongdoers cannot have either indemnity or contribution from the other, although he may have been compelled to pay the whole amount of the damage caused by their joint wrong.    *New trial ordered.*

Upon a new trial at this term, a verdict was returned for the defendants, on which judgment was rendered.