## WILLIAM T, ROBINSON

*v.*

## C. F. MCNEILL.

1.  WARRANTY—*transfer of book accounts.* The mere transfer of book accounts as unpaid, amounts to a warranty that they are unpaid, and a party would be guilty of fraud, in selling as unpaid a debt which had been discharged.

2.  But such sale and transfer would not imply a warranty that such accounts were collectible.

3.  PAROL EVIDENCE—*to vary the terms of a written contract.* Where, at the time of a sale of book accounts, a written contract was executed, specifying the terms of the assignment, and the instrument contained no warranty that such accounts were collectible, parol evidence can not be received to add to its terms, by proving there was such warranty.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

The opinion states the case.

Mr. GEORGE B. JOINER, for the appellant.

Messrs. ROFF & DOYLE, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on a promissory note given by McNeill to Robinson, in consideration of the assignment of certain open book accounts, and the defense was, that Robinson warranted the accounts to be unpaid and collectible, which it is alleged they were not. The verdict and judgment were for the defendant.

The mere transfer of the accounts as unpaid amounted to a warranty that they were so, as Robinson knew whether he had received payment, and would be guilty of a fraud in selling

as unpaid a debt which had been actually discharged; but the sale implied no warranty that the accounts were collectible, and unless 'Robinson expressly warranted they were so, the fact that they were not, would be no defense to the note. The only proof of such warranty is the testimony of a witness as to what Robinson said at the time of sale. But at the time of the sale a written contract was executed by Robinson, specifying the terms of the assignment. This was introduced on the trial, and it contained no warranty that the accounts were collectible, so far as its contents are set forth in the bill of exceptions, which purports to give its substance, the contract itself having been lost before the bill of exceptions was prepared. As this assignment contained no warranty, it was obviously improper to add to its terms by proof of what the parties said at the time of its execution, and the evidence given for that purpose, and which was objected to, should have been excluded.

The judgment is reversed and the cause remanded.

*Judgment reversed.*