FRANK P. DRENNAN

*v.*

THOMAS J. BUNN.

*Filed at Springfield March 28, 1888.*

1. ASSIGNMENT—"*without recourse*"—*liability of the indorser.* An indorser of a note, although "without recourse," will be liable to the indorsee or holder, on the implied warranty that the note is a valid obligation for the amount expressed upon its face. If the note is usurious, and the maker successfully interposes the defence of usury, and defeats the collection of the interest reserved in the note, the indorser will be liable over to the indorsee or holder for the deficiency thereby occasioned.

2. ACTION—*for money had and received—to recover back money paid on the fraudulent delivery of goods sold.* Where money is paid by one party to another for a given article assumed to be sold, but the seller delivers to the purchaser only a worthless imitation of that article, there is a legal fraud, and an action for money had and received will lie for the money thus paid for which nothing has been received.

3. SAME— *on failure of consideration—as, in case of a refusal to deliver a part of the goods purchased and paid for.* If a buyer has paid for a certain quantity of goods, and the vendor has delivered only a part, and makes default in delivering the remainder, the buyer may rescind the contract for the deficiency, and recover the price paid for the quantity deficient. This is in its nature a *total* failure of consideration for the part of the price paid, as contradistinguished from cases of a *partial* failure of the whole.

4. SAME—*on the purchase of securities which are liable to defences—of a recovery over.* The sale of a chose in action by the payee, expressed to be for a given amount, but in fact subject to be reduced to a sum materially less by the defence of usury, to a party having no previous notice of the usury, and without informing him of the defence, is such a legal fraud as will subject the vendor, even though he may have indorsed without recourse, to an action by the vendee for the sum lost by the defence of usury. The same rule would apply when the maker has a defence of payment or set-off.

5. INDEMNITY—IMPLIED WARRANTY—*relation between the parties—notice to party indemnifying to protect the subject matter of the indemnity.* Where one person is liable to indemnify another against a particular loss, it is because, by law or by contract, the primary liability for such loss is upon the party indemnifying; and in such instances the party bound to indemnify is in privity with the party to be indemnified.

6. Where a person is responsible over to another, either by operation of law or by express contract, and he is notified of the pendency of a suit involving the subject matter of the indemnity, and requested to defend the same, he can no longer be regarded as a stranger to the suit, and any judgment, without fraud, against the party to be indemnified, will be conclusive against the party so notified, whether he has appeared or not. But it is not essential to his liablity, that in addition to notice of the pendency of the litigation he be requested to take charge of the suit, and notified that if he should fail he will be held responsible.

7. The holder of notes secured by mortgage, sold and indorsed the same, after maturity, without recourse, and the purchaser filed a bill to foreclose, which the defendant answered, setting up usury in the notes. The assignee notified the indorser of such defence, and took his evidence in the case. On the hearing, the defence of usury was sustained, and the payments of interest being equal to the face of the notes, the bill was dismissed. The assignee then sued the assignor on his implied warranty that there was due on the notes what appeared to be due on their face: *Held,* that the assignor, having notice of the bill to foreclose, was concluded by the decree in that case as to the fact of usury, and that there was nothing due on the notes.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

R. C. Huskey, and Eva J. Huskey, his wife, made and delivered to Thomas J. Bunn two promissory notes, one for the sum of $1000, and the other for the sum of $800, each dated April 15, 1874, and payable April 15, 1880, and also twelve coupons, annexed to each note, for interest on the amounts of the respective notes, at ten per cent per annum, payable semi-annually; and at the same time they executed and delivered to him a deed of trust to James H. Powell, as trustee, to secure the payment of the notes and coupons, on certain lands of which Eva J. was the owner, in Christian county. Eva J. died some time after the making and execution of these instruments. All of the coupons except the last, due upon each note, were paid as they matured, but those coupons not having been paid, the trustee, being ignorant of the death of Eva J., advertised the property for sale, pursuant to the power in the deed. Frank P. Drennan, seeing this advertisement, wrote to

Thomas J. Bunn, informing him of the death of Eva J., and proposing to buy the notes, etc., by paying the amount due. Bunn accepted his proposition, with the modification that he should pay the printer's costs of advertising, and sent him a statement of the amount due, thus:

"Two bonds, - - - - - - - - - $1800
Int. to Ap'l 15, 1880 - - - - - - - 150
                                          $1950"

Drennan paid the printer's costs for advertising, and paid Bunn $1950, and Bunn indorsed the notes thus:

"For value received, I hereby assign the within bond and coupon to Frank P. Drennan, without recourse on me.

*August 12, 1880.*                      THOMAS J. BUNN."

—And then delivered them to Drennan. Soon afterwards Drennan commenced an action of ejectment on the trust deed, in the name of the trustee, to recover possession of the land, and also filed a bill to foreclose the trust deed, in the circuit court of Christian county. The defence of usury was interposed in both suits, and in the ejectment suit a tender was made of a balance admitted to be due after the deduction of all interest that had been paid, being $671. Drennan accepted the tender and dismissed the ejectment suit. The foreclosure suit, however, was not dismissed, but was prosecuted to final decree, some time after the ejectment suit was dismissed.

The court found that the notes or bonds were usurious, and that all interest was thereby forfeited, and that, after deducting all interest that had been paid, the complainant had been paid all that was due upon the bonds. Drennan then brought the present suit against Bunn, in the circuit court of McLean county, to recover the difference between the amount he actually received upon the bonds or notes, and the amount apparently due thereon when he purchased. The cause was tried before the court, without the intervention of a jury, by agreement of parties, and judgment was rendered for the defendant.

Evidence was given upon the trial, of the facts hereinbefore stated, and there was also evidence proving that the defendant had actual notice of the pendency of the foreclosure suit in the Christian circuit court, of the defence of usury thereto that was interposed by Huskey; that he was requested to furnish evidence to meet the defence of usury; that his deposition was taken, as a witness in the case, in reference to that question, and that he had notice of when the terms of the circuit court were held in Christian county. Evidence was also given tending to show that Drennan notified Bunn that he thought he would be defeated in the foreclosure suit, and that if he should be, he expected to sue Bunn upon a breach of implied warranty, to recover back what he had lost, and, in substance, that he therefore desired Bunn to take charge of the suit; but this was denied by Bunn in his testimony.

The circuit court was requested to hold as follows, but held only the eighth and ninth, and refused the others:

"1. That the final decree of the circuit court of Christian county, in the case of *Frank P. Drennan* v. *R. C. Huskey et al.*, introduced in evidence in this case, is conclusive as to defendants in this cause, and fully establishes plaintiff's right to recover in this case.

"2. That the final decree of the circuit court of Christian county, in the case of *Frank P. Drennan* v. *R. C. Huskey et al.*, introduced in this case, establishes the question of usury in this cause, and is binding on defendant in this cause, and that it is not necessary to again prove the question of usury in this cause.

"3. That the final decree of the circuit court of Christian county, in the case of *Frank P. Drennan* v. *R. C. Huskey et al.*, introduced in evidence in this cause, together with the further proof that defendant, Bunn, in this cause, had notice of the pendency of said suit, and was requested to defend and disprove the defence of usury interposed in said cause, rendered said decree binding, and fully establishes the plaintiff's right to recover in this cause.

"4.   That the final decree of the circuit court of Christian county, in the case of *Frank P. Drennan* v. *R. C. Huskey et al.,* in evidence in this cause, together with the further proof that said Bunn had notice of the pendency of said suit, and was requested to disprove and defend the defence of usury interposed in said cause, rendered said decree binding and conclusive against the defendant in this cause, and fully establishes the plaintiff's right to recover in this cause.

"5.   That the final decree of the circuit court of Christian county, in the case of *Frank P. Drennan* v. *R. C. Huskey et al.,* in evidence in this cause, together with the further proof that said Bunn, the defendant in this cause, had actual notice of the pendency of said suit, and did appear and testify as a witness in said cause, is binding on defendant in this cause.

"6.   That the final decree of the circuit court of Christian county, in the case of *Frank P. Drennan* v. *R. C. Huskey et al.,* in evidence in this cause, together with the further proof that said Bunn, defendant, had actual knowledge of the pendency of said suit, and did appear and testify as a witness, is conclusive against the defendant in this cause as to each and every issue found by said decree.

"7.   That the evidence introduced in this cause, tending to show that the money secured by the bonds, coupons and trust deed in this case was the money of any person other than the payee named therein, is incompetent, for the reason that said evidence attempts to vary the terms of a written contract by parol.

"8.   That the evidence tending to show that the defendant in this cause was not the owner of the bonds and coupons in evidence in this cause, at the time he assigned the same to plaintiff, is not competent, for the reason that the said evidence attempts to vary the terms of a written contract of assignment on said bonds by parol.

"9.   That the defendant herein is estopped from denying that he was the owner of said bonds and coupons in evidence,

at the time of sale and assignment of the same to the plaintiff herein.

"10. That the defendant in this cause is estopped from denying that the money secured by the bonds and coupons and trust deed, in evidence in this case, was the money of him, the said defendant."

The plaintiff appealed from this judgment of the circuit court to the Appellate Court for the Third District, and that court affirmed the judgment of the circuit court. The plaintiff then prosecuted the present appeal to this court.

Messrs. TIPTON & BEAVER, for the appellant:

Bunn was concluded by the decree in the case of *Drennan* v. *Huskey et al.*, finding the bonds void for usury. *Fake* v. *Smith*, 2 Abb. 76; *Hersey* v. *Long*, 30 Minn. 114; *Bank* v. *Jarvis*, 20 N. Y. 226; *Challiss* v. *McCrum*, 22 Kan. 157; *Hannum* v. *Richardson*, 48 Vt. 508.

Judgment is admissible when the same question has been decided and judgment rendered between parties responsible for the acts of others. *Emery* v. *Fowler*, 39 Maine, 329; *Lobdell* v. *Baker*, 3 Metc. 469; *Craig* v. *Ward*, 36 Barb. 383; *Heiser* v. *Hatch*, 89 N. Y. 614; *Key* v. *Dent*, 14 Md. 98; Notes to *Duchess of Kingston case*, 2 Smith's Lead. Cas.

And it is not necessary that the parties should be the same in the second action, or that they should occupy the same relative position of plaintiff and defendant as in the former action, or that the form of action should be the same. The test is, whether the party against whom the former judgment is sought to be used, was or had an opportunity of being heard, and the matter litigated is the same, and the parties are in privity as to such matters. *Craig* v. *Ward*, 36 Barb. 383; *Castle* v. *Nayes*, 14 N. Y. 329; *Doty* v. *Brown*, 4 Comst. 71; *Kingsland* v. *Spalding*, 3 Barb. Ch. 341; *Ehle* v. *Bingham*, 7 Barb. 494; *Konitzky* v. *Meyer*, 49 N. Y. 572.

The decree upon the report of the master was admissible in evidence against the defendant, and was conclusive upon him. *Fake* v. *Smith*, 2 Abb. 76; *Hersey* v. *Long*, 30 Minn. 114; *Blasdale* v. *Babcock*, 1 Johns. 519; *Rapelye* v. *Prince*, 4 Hill, 119; *Key* v. *Dent*, 14 Md. 98.

Testifying as a witness, and procuring testimony, is sufficient notice of a suit. *Conger* v. *Chilcote*, 22 Iowa, 18; *Barney* v. *Dewey*, 13 Johns. 224; *Corwin* v. *Davison*, 9 Cow. 22; *Robbins* v. *Chicago*, 4 Wall. 657; *Blasdale* v. *Babcock*, 1 Johns. 518; *Boyd* v. *Whitfield*, 19 Ark. 468; *Sheldon* v. *Patterson*, 55 Ill. 510; *Gray* v. *Gillilan*, 15 id. 454; *Cole* v. *Favorite*, 69 id. 460.

The term "parties" includes all who are directly interested in the subject matter, and had a right to make defence, or to control the proceedings, and to appeal from the judgment. *Robbins* v. *Chicago*, 4 Wall. 657; *Lovejoy* v. *Murray*, 3 id. 18; 1 Greenleaf on Evidence, (14th ed.) secs. 522, 523.

Express notice is not necessary to render the party liable for the amount of a judgment to an injured plaintiff. *Robbins* v. *Chicago*, 4 Wall. 657; *Lovejoy* v. *Murray*, 3 id. 18, and cases cited; *Robbins* v. *Chicago*, 2 Black, 418.

It is not necessary, in any case, to constitute notice, that it should be in the shape of a distinct and formal communication, and it will be implied in all cases where a party is shown to have had such means of informing himself as to justify the conclusion that he might and ought to have availed himself of them. *LeNeve* v. *LeNeve*, Lead. Cas. in Eq.; *Robbins* v. *Chicago*, 4 Wall. 668; *Warner* v. *McGary*, 4 Vt. 500.

In an action brought by B against A on the implied warranty as to the title, it was held that the record of the recovery against B by C was proper evidence. *Blasdale* v. *Babcock*, 1 Johns. 519.

Where a third person is responsible over in an action, and is duly notified of the suit, the judgment therein, if rendered without fraud, will be conclusive against him, and it is not

essential that he be requested to assume the case. *Heiser* v. *Hatch*, 89 N. Y. 94; *Hersey* v. *Long*, 40 Minn. 114; *Barney* v. *Dewey*, 13 Johns. 224; *Blasdale* v. *Babcock*, 1 id. 517; *Corwin* v. *Davison*, 9 Cow. 22; *Robbins* v. *Chicago*, 4 Wall. 657.

Mr. JAMES S. EWING, for the appellee:

There can be no liability enforced against appellee arising out of an implied warranty, for the reason the bonds were assigned without recourse. *Hannum* v. *Richardson*, 48 Vt. 508; *Bank* v. *Jarvis*, 20 N. Y. 226; *Goseepertz* v. *Bartless*, 24 Eng. L. & Eq. 156.

Appellee is not precluded by the decree in the foreclosure case. 1 Greenleaf on Evidence, sec. 523; *Rodgers* v. *Haines*, 3 Greenlf. 362; *Gaytes* v. *Bank*, 85 Ill. 256.

It is a general and established rule of law, that when a party's right may be collaterally affected by a judgment, which for any cause is erroneous and void, but which he can not bring a writ of error to reverse, he may, without reversing, prove it so erroneous and void in any suit in which its validity is drawn in question. *Vose* v. *Moulton*, 4 Cush. 2829; *Alexander* v. *Gould*, 1 Mass. 165; *Smith* v. *Saxton*, 6 Hickford, 483; *Pond* v. *Makepiece*, 2 Metc. 114; *Leonard* v. *Briant*, 2 id. 270.

Mr. FRANK P. DRENNAN, *pro se:*

In actions on implied warranties, the vendor is bound by the judgment against his vendee, when the vendor had notice of the pendency of the suit, and it is not necessary to give formal notice; and this rule is recognized and followed in the following cases: *Hannum* v. *Richardson*, 48 Vt. 508; *Challiss* v. *McCrum*, 22 Kan. 157; *Bank* v. *Jarvis*, 20 N. Y. 226; *Hersey* v. *Long*, 30 Minn. 114; *Fake* v. *Smith*, 2 Abb. 76; *Kip* v. *Brigham*, 6 Johns. 158; *Trustees* v. *Galation*, 4 Cow. 340; *Beers* v. *Pinney*, 12 Wend. 310; *Rogers* v. *Kneeland*, 13 id. 123; *Miner* v. *Clark*, 15 id. 425; *Sisk* v. *Woodruff*, 15 Ill. 15;

*Blasdale* v. *Babcock*, 1 Johns. 518; *Brewster* v. *Countryman*, 12 Wend. 446; *Barney* v. *Dewey*, 13 Johns. 224.

That the same rule of law applies in reference to suits on implied warranties, on sales of choses in action, as upon express warranties on sale of real estate, and the law is well settled that judgment of eviction against the vendee in such cases, with notice to the vendor, is binding on the vendor, see *McConnell* v. *Downs*, 48 Ill. 271; *Cooper* v. *Watson*, 10 Wend. 205; *Pane* v. *Whitman*, 3 Watts, 409; *Turner* v. *Goodrich*, 26 Vt. 708; *Hinds* v. *Allen*, 34 Conn. 195; *Chapman* v. *Holmes*, 5 Halst. 20; *City of St. Louis* v. *Biswell*, 46 Mo. 157; *Wimberly* v. *Collier*, 32 Ga. 13; *Wendell* v. *North*, 24 Wis. 223; *Boyd* v. *Whitfield*, 19 Ark. 469; Gould on Covenants for Title, (4th ed.) 218.

His presence and participation in the defence is conclusive. *Chamberlin* v. *Rhodes*, 11 Allen, 373.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The circuit court, in effect, ruled, as a matter of law, and that ruling is affirmed by the judgment of the Appellate Court, that proof that appellee was notified of the pendency of the foreclosure suit, and of the defence of usury thereto interposed, and requested to rebut and disprove such defence, will not render the decree of foreclosure conclusive against appellee in this suit. Two questions for our consideration arise upon this ruling: First, is the vendor of negotiable bonds or notes, in the absence of express representation, and who assigns them "without recourse," liable, on an implied warranty, for any deficiency between the amount apparently due upon the face of the instrument and the amount legally collectible upon it? Second, if liable, is he concluded by the judgment between his vendee and the payor of the instrument, by reason of having been notified, in apt time, of the pendency of the suit and of the defence of usury set up by the payor, although not ex-

pressly requested to take charge of the suit, and not notified that the vendee intends to hold him responsible for the result of the suit?

*First* — Daniell, in his work on Negotiable Instruments, (3d ed.) vol. 1, sec. 670, says: "When the indorsement is 'without recourse,' the indorser specially declines to assume any responsibility as a party to the bill or note; but, by the very act of transferring it, he engages that it is what it purports to be,—the valid obligation of those whose names are upon it." And he then proceeds to show that the holder may recover against the indorser "without recourse," where the note was invalid between the original parties, because of the want or the illegality of the consideration, as well as in certain other cases. See, also, to like effect, Parsons on Bills and Notes, p. 39.

In *Ticonic Bank* v. *Smiley*, 27 Maine, 225, an over-due note was transferred with the indorsement, "indorser not holden," and it was held the indorser was, nevertheless, liable to his vendee for any payment made on the note before the transfer, or any set-off existing against it of which the note gave no indication and the vendor gave no information.

In *Challiss* v. *McCrum*, 22 Kan. 157, a negotiable promissory note was transferred by indorsement "without recourse." Suit was brought by the assignee upon the note, and the defence of usury was set up. It seems that by the law of Kansas, as by our statute, usury only forfeits the interest. The defence was sustained, and the assignee, in consequence, recovered $229.50 less than the amount which, upon the face of the note, purported to be due thereon. The assignee thereupon sued the indorser, and recovered a judgment for this deficiency. It was held that the indorser, although he indorsed without recourse, was liable on the implied warranty that the note was valid for the amount expressed upon its face. BREWER, J., in delivering the opinion of the court, after a somewhat elaborate examination of the authorities bearing

upon the question, said: "These authorities fully sustain the
ruling of the district court. The note was not the legal obli-
gation of the maker to the full amount. As to the usurious
portion, it was as it were no note. This was a defect in the
very inception of the note. It was known to the vendor, and
it arose out of his own dealings in the matter. By all these
authorities there is an implied warranty against such a defect,
and the vendor is liable for a breach thereof." See, also,
Randolph on Com. Paper, sec. 720.

It is conceded by counsel for appellee, that this case is
precisely in point here, but it is contended that it was not
correctly decided, because there was no fraud there, and in
support of that contention it is argued, that unless that which
is claimed to be fraud rendered the note absolutely void, and
not merely voidable, it can not be considered. No authority
is cited in behalf of this contention, and, in our opinion, it is
predicated upon a misconception of what is necessary to con-
stitute a breach of an implied warranty. That which is ab-
solutely void, in the sense of this contention, is incapable of
ratification. See Bishop on Contracts, (enlarged ed.) sec. 610,
*et seq.* But it is manifest a sale which will authorize an action
for a breach of an implied warranty, in many, if not in most,
cases, is but voidable. The purchaser may elect to waive his
right to avoid it, and ratify it if he will. As illustrative of
this, may be mentioned all those cases where the buyer does
not inspect the thing bought, but trusts to the vendor, and
the quantity and kind of goods are delivered, but upon in-
spection they prove unsalable, by reason of defects in quality.
See Benjamin on Sales, (1st Am. ed.) 484; Bigelow on Fraud,
pp. 34, 35.

A note or bond given without consideration, whether volun-
tarily, or through mistake as to the state of indebtedness be-
tween the parties, or for a consideration that totally fails; as,
in consideration of a sale and warranty where the warranty is
broken, is not absolutely void in the sense as here contended

for by counsel; and yet, in the first two instances there would be a total want of consideration, and in the last, a failure of consideration, which might be set up as defences to the collection of the note in a suit by the payee, or by an assignee after maturity, or with notice, against the payor. But none of these defences would be admissible to a suit by an assignee before maturity and without notice, as would any defence showing that the note was absolutely void. See Story on Bills, sec. 188.

Where money is paid by one party to another for a given article assumed to be sold, but the seller delivers to the purchaser only a worthless imitation of that article, there is a legal fraud, and an action for money had and received will lie for the money thus paid for which nothing has been received. (*Lunt et al.* v. *Wrenn*, 113 Ill. 168. And see, also, Bigelow on Fraud, p. 35, *supra.*) So if the buyer has paid for a certain quantity of goods, and the vendor has delivered only a part, and makes default in delivering the remainder, the buyer may rescind the contract for the deficiency, and recover the price paid for the quantity deficient, for the parties in this case have, by their conduct, given an implied assent to a severance of the contract, by the delivery, on the one part, and the acceptance, on the other, of a portion, only, of the goods sold. This is, in its nature, a *total* failure of consideration for part of the price paid, as contradistinguished from cases of a *partial* failure of the whole. (Benjamin on Sales, (1st Am. ed.) p. 310,—citing *Deveau* v. *Connolly,* 8 C. B. 640.) And so we said, in *Robinson* v. *McNeill,* 51 Ill. 225, where there had been a transfer of book accounts by the defendant to the plaintiff, and suit was brought for a failure to realize the amount from the debtors: "The mere transfer of the accounts as unpaid, amounted to a warranty that they were so, as Robinson knew whether he had received payment, and would be guilty of a fraud in selling as unpaid a debt which had been actually discharged." It is true that the defence of usury is personal to the borrower and

his privies, and that it does not therefore render the instrument affected absolutely void, but only voidable; but in this respect, an instrument to which that defence may be interposed, is in nowise different from instruments to which the defence of payment, or failure of consideration by reason of a fraudulent and deceitful sale, may be interposed. The borrower and his privies can alone set up the latter as well as the former defence.

The only instances, of which we are aware, where it may be material to distinguish between that which renders an instrument absolutely void and that which renders it voidable, when considered as a ground of defence, are in suits upon instruments negotiable by the law merchant. In certain cases, under that law, an assignee, before dishonor, will not be affected by defences rendering the instrument voidable, merely, as between the original payor and payee, but will be concluded by defences rendering it absolutely void; but there is no question, here, as to the rights of parties under the law merchant, nor even under our statute in relation to negotiable instruments. The indorsement transferred title, and it gave no notice of deceit in the sale. It is not claimed there is, under such an indorsement, liability by virtue of any contract of indorsement, and upon no principle that we are aware of, is such an indorser, by the fact of indorsement, less liable for deceit in the sale than he would have been had he transferred a chose in action without indorsement, as in *Robinson* v. *McNeill, supra.*

That the sale of a chose in action, by the party to whom it is payable, expressed and understood to be for a given amount, but in fact subject to be reduced to a sum materially less than that amount, by the defence of usury, to a party having no previous notice of the usury, and without informing him of the usury, is a legal fraud, must be as clear as it is that it is a legal fraud to transfer to a purchaser in good faith, without notice, an account for an expressed amount which had never been incurred, or which had been paid. The usury is the act

of the party selling. He does not own the sum forfeited by
the usury, has no legal right to collect it, and therefore has
no right to sell and transfer it to another. To that extent he
has nothing to sell or transfer. The note, too, is his act, and
by him, therefore, it is made to express what, in law, is a
falsehood upon its face, and by this legal falsehood he in-
duces another to believe what is not legally true, and to pay
him money which he would not pay if he knew the legal truth.
There is willful deception, in a legal aspect, and consequent
gain, upon the one side, and, legally speaking, ignorant cred-
ulity, and pecuniary loss as its consequence, upon the other
side. See Kerr on Fraud, (Bump's ed.) 42.

*Second*—Where one party is liable to indemnify another
against a particular loss, it is because, by law or by contract,
the primary liability for such loss is upon the party indemni-
fying, and in such instances the party bound to indemnify is
in privity with the party to be indemnified, and he therefore
has a direct interest in defeating any suit whereby there may
be a recovery as to the subject matter of the indemnity, against
the party to be indemnified. The party to be indemnified,
moreover, is, manifestly, directly interested in having him de-
feat all recovery in such suit, and so their respective interests
and duties in respect of such suit must be the same. Rawle,
in his work on "Covenants for Title," (2d ed.) page 242, after
alluding to the ancient practice of "vouching to warranty,"
says: "Partly, perhaps, from analogy to that practice, it is
well settled in this country, in most if not in all of the States,
that in general, upon suit being brought upon a paramount
claim against one who is entitled to the benefit of a covenant
of warranty, the latter can, by giving proper notice of this
action to the party bound by that covenant, and requiring him
to defend it, relieve himself from the burden of being obliged
afterwards to prove, in the action on the covenant, the validity
of the title of the adverse claimant." He then adds: "A
similar course of decision has also been adopted in England,

resting, however, rather upon general principles than any analogy to the old common law practice of voucher."

In *Duffield* v. *Scott*, 3 Durn. & East, 374, (1st series Eng. Com. R. vol. 6, p. 208,) BULLER, J., speaking of this question, said: "The purpose of giving notice is not in order to give a ground of action, but if a demand be made which the person indemnifying is bound to pay, and notice be given to him, and he refuse to defend the action, in consequence of which the person to be indemnified is obliged to pay the demand, that is equivalent to a judgment, and estops the other party from saying that the defendant in the first action was not bound to pay the money."

In *Littleton* v. *Richardson*, 34 N. H. 179, the court, *per* BELL, J., said: "When a person is responsible over to another, either by operation of law or by express contract, and he is duly notified of the pendency of the suit, and requested to take upon himself the defence of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he were the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not."

In numerous other decisions, the general doctrine that notice, in such cases, to the party responsible over, imposes upon him the duty of defending, and renders him liable for the result of the suit, is asserted. *Blasdale* v. *Babcock*, 1 Johns. 516, *517; *Barney* v. *Dewey*, 6 id. 224; *Inhabitants of Milford* v. *Holbrook*, 9 Allen, 17; *City of Boston* v. *Worthington et al.* 10 Gray, 496; *Pitkin* v. *Leavitt*, 13 Vt. 379; *Turner* v. *Goodrich*, 26 id. 708; *Bond* v. *Goodrich*, 1 Nott & McCord, 201; *Ryerson* v. *Chapman*, 66 Maine, 563. See, also, Wade on Notice, sec. 180c; Freeman on Judgments, sec. 181.

The only question, in this connection, upon which we find any diversity in the authorities, is, whether it is indispensable that the indemnifying party should, in addition to having notice of the pendency of the litigation, be requested to take charge of it, and notified that if he fail, he shall be held responsible. That view is taken in *Sowers* v. *Schmidt*, 24 Wis. 417, and *Paul* v. *Whitmore*, 3 Serg. & Watts, 410, and, it may be, also in other cases. But, in our opinion, the weight of reason and of authority is the other way. An obligation to indemnify against the result of a particular suit, necessarily assumes, that as between the party obligated to indemnify and the party to be indemnified, the entire burden of the suit should fall on the former, and that the latter should be entirely free of it, and therefore, that, as between them, the former, and not the latter, should be the real party to the suit, and prosecute or defend it. But since the latter may sue or be sued without the knowledge of the former, he might not know of the existence of the suit, and therefore could not prosecute or defend it, but if notified of the existence of the suit in apt time, he could prosecute or defend it, and it being his duty to do so, his failure to do so successfully would be conclusive against him that he was unable to do so, and that the judgment was right. In such case, the obligation to indemnify operates, from the making of the contract, as to every burden or loss within its contemplation, and although no suit could be maintained until after loss, the recovery would be because it was the duty of the indemnifying party to have prevented loss, and it is absolute, and not conditioned upon request. We are unable to perceive why, in this case, more than in any other, a party shall have been requested to do that which it was his duty to do without request, or how a notice that he will be held responsible can be necessary, where he is, by contract, already legally responsible.

In *Blasdale* v. *Babcock*, *supra*, the action was for the price paid for a horse which the defendant had sold to the plaintiff,

but which belonged to another person, who had recovered it from the plaintiff. The record of the judgment in favor of the owner of the horse, and against the plaintiff, was admitted in evidence as conclusive of the question of title. On objection to the competency of this evidence, it was insisted that it ought to appear not only that the defendant had notice of that suit, but also that he had notice of the time when the cause was actually tried; but the court held that the first notice given to the defendant, of the pendency of that suit, was sufficient, and he was bound to know all the subsequent proceedings, without a special notice of the time every court was to be held.

In *Barney* v. *Dewey, supra,* the declaration stated that the defendant, intending to deceive, etc., falsely represented a certain horse to be the property of the defendant, thereby inducing the plaintiff to purchase him; that the defendant well knew that the horse belonged to another person,—one Thaddeus Dewey,—and in an action brought against the plaintiff by T. Dewey, testified that the horse was the property of T. Dewey, and that he, the defendant, had no right to part with the horse. There was a demurrer to the declaration, which was overruled. The court, in considering the sufficiency of the declaration, said: "There is no allegation of notice to the defendant, of the pendency of the suit brought by Thaddeus Dewey, but there is an averment of a fact tantamount. It is alleged that the defendant was a witness on that trial, and proved, himself, that he did not own the horse when he sold him to the plaintiff."

In *Beers* v. *Pinney & Green,* 12 Wend. 309, in an action on a bond to indemnify special bail, it was held that notice, merely, of the pendency of the suit against the bail, was sufficient to conclude the obligor in the indemnity bond. The court said: "The declaration avers that the plaintiff gave immediate notice to the defendants, of the commencement of the suit against him, upon his recognizance, by Johnson, and of

the nature and pendency thereof, and the proceedings therein. After such notice, they were bound to defend the suit."

In *City of Chicago* v. *Robbins*, 2 Black, 418, the city had been sued, and a recovery for damages had, because of a *nuisance* created and maintained by Robbins, in making and failing to properly guard an excavation in one of the streets of the city, and sought to recover back from Robbins the amount thus recovered from it. One of the questions discussed in argument and considered by the court was, whether Robbins had been sufficiently notified of the pendency of the suit against the city, to be concluded by the judgment therein. The court said: "An express notice to him to defend the suit was not necessary in order to charge his liability. (*Barney* v. *Dewey*, 13 Johns. 226; *Warner* v. *McGary*, 4 Vt. 500; *Beers* v. *Pinney*, 12 Wend. 309.) He knew that the case was in court, was told of the day of trial, was applied to, to assist in procuring testimony, and wrote to a witness, and is as much chargeable with notice as if he had been directly told that he could contest Woodbury's right to recover, and that the city would look to him for indemnity." The same case was again before the Supreme Court of the United States as *Robbins* v. *City of Chicago*, and is reported in 4 Wall. 657. The sufficiency of the notice was again considered, and the foregoing ruling was re-affirmed. An instruction was there sustained which told the jury that if the attorney of the corporation informed the defendant of the suit and its nature, and of the day of the trial, and conversed with him about the testimony for the defence, he was as much chargeable with notice as if he had been directly told that he could contest the right of the injured party to recover, and that the corporation would look to him for indemnity in case of an adverse result.

In *City of Boston* v. *Worthington*, 10 Gray, 496, the action was similar to that in *City of Chicago* v. *Robbins*, *supra*, and the question of notice to the party causing the nuisance, and hence bound to indemnify, was also there discussed and con-

sidered. The court said: "Had the defendants such notice of the pendency of Southwick's action as renders the judgment recovered therein conclusive against them, to any extent? We are of opinion that they had. They were informed when Southwick's writ was returnable; that he had sued for an injury received on a day named, by a defect in the highway called Congress Square, in a place occupied by them. They were directed to take notice that the plaintiffs would hold those responsible who had the charge and custody of the place of the accident, and they were required to govern themselves accordingly. They were not, in terms, requested to take upon themselves the defence of that action; and this was not necessary in order to render the judgment conclusive against them as to the facts thereby established. * * * The defendants, by the notice given to them of Southwick's action, had an opportunity to defend it, and the case shows that they 'were present and at the trial, and testified therein.' This fact, according to SPENCER, J., in 13 Johns. *ubi supra,* is sufficient to show such notice as to render the judgment conclusive against them."

In *Holbrook* v. *Holbrook,* 15 Maine, 12, the court said: "It can not be material to the person agreeing to indemnify, that he should have a formal notice served upon him. The law requires that he should have notice before the judgment can be used against him, because he is the real party in interest. But any notice which will enable him to present any defence which he may have, either in law or fact, is all that can be useful to him, and the law requires no vain or useless ceremonies in such cases." See, also, *Veazie* v. *Railroad Co.* 49 Maine, 119.

A recent case in point, also decided by the Supreme Court of Maine, is *Davis* v. *Smith,* 79 Maine, 351. Suit was brought upon a bond given by the defendant to indemnify the plaintiff against loss on account of paying the defendant, who claimed to be a guardian, the amount of a promissory note given to

13—124 ILL.

another as guardian of the same person. The person to whom the note was given, sued the plaintiff, and recovered a judgment for the amount due upon the note, which he paid. One of the material questions in the case was, whether the defendant had such notice of the pendency of the suit against the plaintiff that she was concluded by that judgment. The court said: "We are of the opinion, from the evidence before us, and with the inferences legitimately to be drawn from it, that the defendant had such notice of the pendency of the suit as renders the judgment recovered therein conclusive against her. She employed and paid the counsel who tried the case. She went, in company with the plaintiff, twice to Dover, to have the case tried, it being continued the first time because the other side was not ready. She was present at the trial, testified in the case, and paid all the expenses of this plaintiff and his witnesses. * * * The facts shown are sufficient to render the judgment conclusive against her, although the plaintiff had not, in terms, requested her to take upon herself the defence of that action. 'This was not necessary,' say the court in *Boston* v. *Worthington, supra,* 'to render the judgment conclusive against them as to the facts thereby established.' And this principle is established by the great weight of authority, that where one stands in the position of indemnitor to another who is liable over to a third party, his liability may be fixed and determined in the action brought against such third party, by notice of the pendency of such action, and an opportunity offered him to defend it. * * * In such case, the authorities hold that notice in writing, or even express notice, is unnecessary, but that notice may be implied from his knowledge of a pendency of the action and a participation in the defence." See, also, *Ryerson* v. *Chapman,* 66 Maine, 563; *Warner* v. *McGary,* 4 Vt. 508.

We are therefore of opinion, that the circuit court erred in refusing the third, fourth, fifth and sixth requests as asked by

the appellant, and that the Appellate Court erred in affirming that ruling.

Some point was made in argument that appellee was a mere broker, having no interest in the notes or bonds. No question arises upon the record in that respect. No question of that kind was raised in the trial court or considered in the Appellate Court. Although in fact a broker; unless the evidence showed that appellant knew him to be a broker, and dealt with him as such, he occupies the position of a principal.

No question was raised as to the good faith of the adjudication in the foreclosure case, either by requests to rule in that respect, or by objections to the introduction or exclusion of evidence. Of course, a decree by collusion would not be conclusive against the indemnitor, but there is nothing in that respect before us, as a question of law.

The judgments of the Appellate and circuit courts are reversed, and the cause is remanded to the circuit court for a trial *de novo*, in conformity with the views hereinbefore expressed. Judgment will be entered in this court for the costs of the appellant in the Appellate Court as well as in this court.

*Judgment reversed.*