# Daniel M. Lord and Ambrose L. Thomas v. Board of Trade of Wichita, Kansas.

1. PLEADING—*Common Counts, When Sufficient.*—Where a contract contained a provision that if the appellants failed to perform it the appellee might recover the money advanced, a count for money had and received is sufficient.

**Assumpsit,** for money had and received. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

G. W. & J. T. KRETZINGER, attorneys for appellants.

The breach of a contract being essential to a cause of action thereon, the law requires a plaintiff to specifically allege and prove the breach or breaches complained of, and the damages recoverable are such, and such only, as resulted from the particular breaches assigned. Chitty on Pleading (Ed. 1876), pp. 342, 343; Gridley v. Bloomington, 58 Ill. 49; People v. Hunter, 89 Ill. 392; Moline, etc., Co. v. Waters, 10 Brad. 159; Findley v. Dempsey, 45 Ind. 246.

Where no special damages are alleged in the declaration, a plaintiff can recover only such damages as directly and necessarily result from the acts complained of. Myers v. David, 17 Brad. 228.

" In order to recover damages which are not the necessary result of the breach of a contract or tort, they must be specially set out in the declaration. Olmstead v. Burke, 25 Ill. 86; City of Chicago v. O'Brennan, 65 Ill. 160; Bristol Mfg. Co. v. Gridley, 28 Conn. 201; Warner v. Bacon, 8 Gray, 397; Hunter v. Stewart, 47 Me. 117."

BENTLEY & FERGUSON and WALKER & EDDY, attorneys for appellee, contended that an action for money had and received may be maintained whenever the defendant has obtained money of the plaintiff which in equity and conscience he has no right to retain. Taylor v. Taylor et al., 20 Ill. 653;

Alderson v. Ennor, 45 Ill. 132; Belden v. Perkins, 78 Ill. 450; Claflin v. Godfrey, 21 Pick. 1.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

August 25, 1888, the appellee paid to the appellants $10,000 on account of services to be rendered by the appellants in " booming" Wichita, in regard to which the parties made a long and intricate contract. The appellee sued to recover back the money, alleging, in two special counts of the declaration, default of the appellants in performing the contract.

The abstract says also, " common counts," among which we will assume that there was a count for money had and received.

The contract contained a provision that if the appellants failed to perform it, the appellee might recover the money advanced.

A count for money had and received was all that was necessary, if the appellee was entitled to recover at all. If the appellants failed to perform the contract, the sum advanced by the appellee to the appellants was so much money had and received by them to the use of the appellee, upon a consideration which had failed. Diennan v. Bunn, 124 Ill. 175; 1 Ch. Pl. 352, Ed. 1883; Ch. Cont. 920 *et seq.;* Steele v. Hobbs, 16 Ill. 59.

With this understanding of the law, it becomes unnecessary to consider the questions presented by the first half of the brief of appellants, as to pleading penalties and forfeitures.

That the appellants never, after the contract was made, did anything effectual toward the purpose for which it was made, seems to be certain, and that the fault was theirs, was the conclusion of the court, trying the cause without a jury, upon evidence which warranted that conclusion.

The collation of that evidence would be of no use.

The judgment is affirmed.