## P. J. Neary v. Charles Bohannon.

1. GARNISHMENT—*Duty of Garnishee to Defend Property.*—A garnishee in an attachment suit answered that he had in his possession certain property which he supposed belonged to the defendant in the attachment, and that such property had been replevied. He was not requested to and did not defend the replevin suit and judgment was rendered against him. *Held*, that the answer of garnishee was sufficient to relieve him from liability to the plaintiff in the attachment, for a failure to defend the replevin suit.

Garnishment.—Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

A. P. WILLIAMS and WILLIAMS & KRAFT, attorneys for appellant.

WHITE & SHAW, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In March, 1895, the appellant commenced a suit by attachment against one Percy C. Hamilton, and summoned the appellee as garnishee.

April 4, 1895, he answered that he had in his possession four carriages, and made a somewhat complicated statement as to the ownership of them, which, for the purposes of this opinion, we will regard as an acknowledgment that he supposed that Hamilton owned them.

The answer also stated that the "carriages were replevined March 26th, 1895," giving the title of the suit in the Superior Court, and that they were still in his possession.

April 25, 1895, the sheriff executed the replevin writ by taking the carriages and reading the writ to the appellee.

Nobody defended the replevin suit, and October 1, 1895, judgment was entered in it, that the plaintiff therein retain the property.

The question now in this case is: Is the appellee responsible to the appellant, to the extent of his debt against Hamilton, for not defending the replevin suit? The Superior Court decided—as we hold rightly—in the negative.

The appellee had no interest in the carriages, and his answer so advised the appellant. The benefit of a successful defense of the replevin suit would have accrued to the appellant. He might have defended in the name of the appellee, by indemnifying him against costs. 2 Am. & Eng. Ency. of Law, 2d Ed., 1089.

Although the statements in the answer that the carriages had been "replevined," and were still in the possession of the appellee, were apparently inconsistent, yet they gave notice of the pendency of the replevin suit. Notice was enough—without request to defend—to make the risk of the event of the replevin suit fall on the appellant. Drennan v. Bunn, 124 Ill. 175.

We had some difficulty in finding any assignment of errors here.

The record has seventy-five pages, preceding the certificate of the clerk that the "foregoing" is "a true, perfect

and complete transcript of the record except the bill of exceptions, the original of which is by stipulation of parties incorporated herein." Following the certificate is the assignment of errors. Then follows a stipulation, entitled both in the Superior Court and in this court. The stipulation is entitled Neary v. Hamilton. Then follows a paper which we have no doubt was intended as a bill of exceptions, (though it has no beginning to show that it presents the history of any trial,) which concludes in due form, and is signed and sealed by the judge. That paper does not appear to have been filed in the Superior Court.

If the merits of the cause—treating the contents of that paper as record—were with the appellant, we could not reverse.

The judgment is affirmed.