## Flat Top Fuel Company, Defendant in Error, v. George W. Benjamin, Plaintiff in Error.

### Gen. No. 15,244.

MUNICIPAL COURT—*when affidavit of merits sufficient.* If an affidavit of merits is interposed by one defendant upon behalf of himself and the other defendant or defendants, a subsequent dismissal of the action as to the defendant filing such affidavit leaves the same for the benefit of the remaining defendant or defendants, it appearing that the defendant who made such affidavit might have been liable over in the event of the judgment being rendered against the other defendant or defendants.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed February 14, 1911.

**Statement by the Court.** The writ of error in this case brings before us for review the action of the Municipal Court of Chicago in entering a judgment against plaintiff in error for want of an affidavit of merits.

The Flat Top Fuel Company (defendant in error) brought an action of the fourth class in the Municipal Court against one C. B. Ebbert, as maker, and George W. Benjamin (plaintiff in error), as indorser, of fifteen promissory notes, all made and. all made payable in Chicago, to the order of the Fuel Company, and aggregating $869.29. Plaintiff filed with its statement of claim the required affidavit.

The written appearance of the two defendants was duly entered by their attorney, who also filed for them the affidavit of defendant Ebbert, stating that he verily believed both he and Benjamin, and each of them, had a good defense upon the merits to the whole of plaintiff's demand; that said defense was, in substance, that the plaintiff was a foreign corporation doing business in Illinois without a license, and that the indebtedness evidenced by the notes sued on grew out of said busi-

ness. Accompanying this affidavit of merits was notice of a set-off by Ebbert.

Immediately preceding a trial by jury, the court denied a motion for judgment by default against defendant Benjamin for want of an affidavit of merits. A trial was then had, at which all evidence introduced for the defendants, and all objections made and exceptions taken, were on behalf of both defendants. The jury rendered a verdict in favor of the plaintiff, which, upon motion of the defendants for a new trial, was set aside, and a new trial was ordered, whereupon plaintiff dismissed as to Ebbert, and subsequently the court entered judgment against Benjamin for want of an affidavit of merits.

FRED A. BANGS, for plaintiff in error.

PARKER & HAGAN, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

In this case, there was an affidavit of merits filed by one of two defendants, stating that affiant verily believes both himself and the other defendant, and each of them, has a good defense upon the merits to the whole of plaintiff's demand, and then setting up such defense, in detail.

The question here to be decided is whether, upon the dismissal out of the case of the defendant making it, such an affidavit ceased to be sufficient for the remaining defendant.

We think Ebbert's affidavit of merits was clearly on behalf of himself and Benjamin, and that it did not lose its efficacy and protection to Benjamin by the plaintiff dismissing Ebbert out of the case.

The purpose of the statute and of the rules of courts in requiring affidavits of the defendant, or his agent or attorney, disclosing a defense, is to so provide that plaintiff shall not be delayed in enforcing a

claim unless the defendant or some one interested with or for him shall disclose a meritorious defense.

In this case Ebbert had an interest with Benjamin in the defense of the action, and that interest did not cease when he was dismissed out of the suit. Benjamin was only an indorser upon the notes sued upon, and would have had a remedy over against Ebbert, and, Ebbert having had notice of the suit, under the authority of Drennan v. Bunn, 124 Ill. 175, he would have been bound by a judgment against Benjamin.

Defendant in error contends that the affidavit was insufficient because by the dismissal of Ebbert out of the case the action stood as if it originally begun against Benjamin alone, and that the affidavit was insufficient because it did not purport to be made by the defendant (Benjamin), or his agent or attorney.

Upon the record in this case we think that Ebbert was the agent of Benjamin in the premises, and that the affidavit was entirely sufficient.

Judgment reversed and cause remanded.

*Reversed and remanded.*