JOHN HIGGINS

*v.*

W. M. BULLOCK.

1. EVIDENCE—*judicial notice taken of counties in the State.* This court will take judicial notice of the names of the counties in this State.

2. RETURN OF SERVICE—*surplusage will not vitiate.* Where a summons was directed to the sheriff of Wabash county, and the officer's return of service commenced "State of Illinois, Nash county:" *Held,* that the word "Nash" was an evident misprision, and that the name of the county in the venue of the return was without any effect upon the return.

3. SAME—*presumption in aid of return.* Where a summons was directed to the sheriff of Wabash county, and the officer serving signed his name as "sheriff," without stating of what county: *Held,* that the return should be taken in connection with the direction and command in the writ, and should receive a construction in support of it; and that it would be intended he was sheriff of Wabash county.

4. PLEADING—*declaration—assignment of note.* In a suit by the assignee of a promissory note against the maker, the declaration, after setting forth the making of the note, alleged, "and the said Alfred Ingalls (the payee) then and there indorsed the same to the plaintiff:" *Held,* that while a delivery was necessary to pass title to the plaintiff, yet where the question was presented on error to a judgment by default, the allegation would be regarded as importing a complete indorsement by the delivery of the note to the plaintiff.

WRIT OF ERROR to the Circuit Court of Woodford county.

Messrs. BELL & GREEN, for the plaintiff in error.

Messrs. BRIGGS & MEEK, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action, brought in the circuit court of Woodford county, by the plaintiff as indorsee of a promissory note, against Higgins and Wright, the makers, wherein a judgment by default was rendered against the defendant Higgins.

Two errors are assigned :

1st. That there is no sufficient return of service.

The following is a copy of the return indorsed on the summons :

"STATE OF ILLINOIS, ⎫
    *Nash County.*    ⎬ ss.

I have duly served the within by reading the same to the within named John Higgins, on this 27th day of July, 1870, as I am therein commanded. I return this writ on the 5th day of August, 1870.

                               ISAAC OGDEN, Sheriff."

We take judicial notice of the names of the counties in the State, and that there is no such county in the State as *Nash* county. The word " Nash " is an evident clerical mistake; and the name of the county in the venue of the return is without any effect upon it.

It is said the officer making the return does not indicate in any way that he is sheriff of Wabash county. The summons is directed to the sheriff of Wabash county, commanding him to summon John Higgins if found in his county, etc., and where a person makes return upon it that he duly served it upon John Higgins as he was commanded in the summons, and signs his name to the return as sheriff, it must be intended that he was sheriff of Wabash county. The return

should be taken in connection with the direction and command in the summons, and receive a reasonable construction in support of it, and not an unnatural one to vitiate it.

2d.   The other error assigned is, that there is no averment in the declaration that the note was *delivered* to the plaintiff, and that hence the declaration fails to show a title in the plaintiff to sue as indorsee.

The note was payable to Alfred Ingalls, and the only averment in the declaration as to the assignment of the note is this:  "*And the said Alfred Ingalls then and there indorsed the same to the plaintiff.*"   We accede to the view urged, that any mere writing upon the back of the note, without a delivery of the note, would not vest a right of action in the plaintiff; but we consider that the word " *indorsed,*" here imports more than this.   We regard the allegation that "Alfred Ingalls then and there indorsed the same to the plaintiff," as importing a complete indorsement by the delivery of the note to the plaintiff.

It has been held that the averment, he *"made"* the bill, when used in reference to the drawer of a bill of exchange, imported the delivery of the bill to the payee.   *Churchill* v. *Gardner,* 7 T. R. 596.   We see no reason why a like force should not be allowed to the term " indorsed," in the present case.

At least we must hold the declaration as sufficient in this respect, where the question comes up as it does here, on error upon judgment by default, not deciding how it might be on special demurrer.

The judgment must be affirmed.

*Judgment affirmed.*