MARY E. BUTZ, Admx.

v.

JACOB SCHWARTZ.

*Filed at Springfield November 1, 1890.*

1. WITNESSES—*competency*—*in suit by an administrator*—*opposite party*—*and others having adverse interests.* The purpose of section 2 of the act relating to evidence is to limit the operation of the first section so as to place parties upon an equal footing, and not to allow the estate of a deceased person, or of a person under the disabilities mentioned, to be subjected to a disadvantage not possible but for such death or disability.

2. So in a suit by the administrator of a deceased assignee of a note, the defendant, the maker of the note, is incompetent to testify to any matters occurring before the death of the plaintiff's intestate, unless within one or more of the exceptions to section 2, chapter 51, of the Revised Statutes, relating to evidence.

3. If a promissory note received by an agent was procured by fraud and circumvention on his part, he will be responsible to his principal for any loss or damage caused him by such illegal transaction, and he is therefore interested in supporting the note, to avoid such responsibility; and if such interested agent is permitted to testify, in behalf of one suing or defending as administrator, to any conversation or transaction with the opposite party, then such opposite party, or party in interest, may also testify to the same conversation or transaction.

4. Where a witness, either interested, or not, in the event of a suit by an administrator against the maker of a note, testifies to a conversation of the defendant at the time of his signing the note, the defendant may testify as to the whole of such conversation and transaction, including the whole *res gestæ*.

5. In case the event of a suit, if adverse to the party producing the witness, will render the witness liable, either to a third person or to the party himself, there is a direct interest on the part of the witness in the event of the suit, and this without regard to whether the liability arises from an express or an implied legal obligation to indemnify.

6. Where the result on the trial of a cause depends upon the question whether the agent has been guilty of some tortious act or some negligence in the course of executing the orders of his principal, and in respect of which he is liable over to the principal, if the latter shall fail in the action pending against him, the agent will be an interested witness.

7. PRACTICE—*false testimony—restriction—as to matters material to the issue.* An instruction that the jury may disregard the testimony of a witness except so far as corroborated, if he has testified falsely in any part of his evidence, should restrict such false testimony to matters material to the issue. But such error will not vitiate where the supposed false evidence is all clearly material.

8. ASSIGNMENT—*implied warranty by assignor—as to title, etc.* The assignor of a note is liable to the assignee on an implied warranty of the title and genuineness of the note assigned by him, in case the signature of the maker is a forgery, or has been obtained by fraud and circumvention; and if such forgery or fraud and circumvention are the work of the agent of the payee of the note, he will be liable to the principal for the injury thereby occasioned.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding.

The following opinion of the Appellate Court is a sufficient statement of this case:

WALL, J.: "For a statement of the controversy involved in this case reference may be had to 15 Bradw. 114. After the cause was remanded, the original plaintiff died, and the present appellant having been appointed administratrix of his personal estate, became plaintiff in his stead. Three trials have since occurred, in one of which the jury were unable to agree, and in the other two verdicts were for defendant. From the judgment on the last verdict the present appeal is prosecuted.

"In the printed argument, counsel for appellant say the principal complaint they have to make is, that the court erred in allowing the defendant to testify, on his own motion and in his own behalf, to conversations had by him with the agents of the payees of the note, at the time it was executed, and to the action of the court in giving instructions for the defendant. The defendant was of course incompetent to so testify as to any matters occurring before the death of the plaintiff's intestate, unless within one or more of the exceptions to section 2, chapter 51, of the Revised Statutes, relating to evidence. It

appears that the persons with whom the conversations occurred, (David W. Jennings and Marion Hughes, the agents of the payees of the note,) were present at the time of its alleged execution, and had more or less to do with the transactions out of which this suit arose. By the pleadings, two questions of fact became prominent and controlling: First, did defendant sign the note; second, if so, was his signature procured by fraud and circumvention. These witnesses, Jennings and Hughes, testified that they were present and saw defendant sign the note; that it was read over to him by F. C. Jennings, and that it was given in completion of the contract; that the consideration of the note was a quantity of lightning rods which defendant purchased, and that a credit of $8.12 which appears on the back of the note was on account of a board bill of the defendant against these witnesses and F. C. Jennings, who was also an agent of the payees of the note. A part of this evidence was read in rebuttal, but it was all contained in the depositions of these witnesses taken on behalf of the plaintiff. If the note was obtained by fraud and circumvention, it seems quite clear these agents would be responsible to their principals for any loss or damage caused them by such an illegal transaction, and that they had a direct pecuniary interest in supporting the note to avoid such responsibility, as well as to insist upon the payment of their bill to the defendant by means of the credit indorsed on the note. If they had a direct interest in the event of the suit, then defendant was competent to testify, under the third exception, to the conversation or transaction testified to by them. We think he was competent under that exception.

"Again, by the fourth exception it is provided, that where any witness not a party to the record, or not a party in interest, or not an agent, shall testify, at the instance of any party to the action, to any conversation or admission of any adverse party, occurring before the death of and in the absence of any such deceased person, such adverse party may testify as to

the same admission or conversation. If it could be held that the witnesses Jennings and Hughes were not interested in the result of the suit, then defendant was competent to testify to any admission or conversation testified to by them. It is urged, however, by appellant, that defendant, under this exception, was limited strictly to the conversation or admission testified to by these witnesses, and that, except as far as their evidence was read in rebuttal, they testified to a transaction, merely, to-wit, the mere signing of the note after the same was read over to defendant, and that in so doing they were not testifying to a conversation or admission as to which, only, could defendant testify.

"The object of the second section of the act referred to was to so limit the operation of the first section as to place parties upon an equal footing, and not to allow the estate of a deceased person, or of a person under the disabilities mentioned, to be subjected to a disadvantage not possible if it were not for such death or disability; and the courts have always endeavored to construe the statute according to its spirit, and not merely according to its letter. *Whitmer* v. *Rucker*, 71 Ill. 410.

"It is the settled rule, that where a conversation is testified to, the whole of it may be brought out, and very often this will involve what was done in the same transaction of which the conversation was part and parcel. In this instance it would be difficult to separate the matters testified to in the part of the deposition which was read in chief, from those testified to in the part of the same deposition read in rebuttal, and it would be quite as difficult to separate the mere language used by the parties, from what they were then doing on that occasion. Hughes and Jennings say the note was read over to the defendant, and he then signed it. He says it was not so read to him, but was represented to be for the purpose of inducing and procuring the payees of the note to constitute his son Daniel an agent to sell the rods, which were then left there upon certain terms, which he states, as to the commissions,

etc. The version of the conversation given by defendant natu-- rally involves all that was said by both sides, as well as what they did at the time; and so of the version given by Hughes. and Jennings. Any fair construction of the exception in ques- tion must necessarily admit the entire conversation, and as. necessarily whatever was done on the occasion—the whole *res gestæ;* and therefore it follows, that whether Hughes and Jen-- nings were or were not directly interested in the event of the suit, the defendant was competent as to the same matters to. which they testified, and there was no error in this ruling of the court.

"It is urged the court erred in admitting the 'yellow papers' offered by defendant. They were blank orders or contracts, to. be used when contracts were made to erect rods on buildings,. and were left with defendant by the agents of the payees as a. part of the transaction. There was no error in this respect..

"The appellant urges also that it was an error to refuse the fourteenth and fifteenth instructions asked by appellant. All that was competent or proper in the fourteenth was contained in others given. The fifteenth was wholly unnecessary, and there was no error in refusing it.

"As to the instructions given for appellee, it is urged that. the eleventh, fourteenth and fifteenth are bad, because they omit the qualification that the false testimony must be with regard to a material matter in issue, in order to justify the jury in disregarding the whole evidence of a witness whose tes-- timony is false in part. On examining the evidence, however, it is not perceived how this omission in these three instruc-- tions could have prejudiced the appellant, for it is apparent that all the supposed false testimony to which the instructions. would be understood to refer, was upon material points. When this is so the error will not vitiate, even in capital cases, where life is at stake. (*Dacey* v. *The People*, 116 Ill. 555.) But a careful reading of the instructions will disclose that they are. really not faulty in. the respect urged, and when fairly con-

sidered they authorize the rejection of the testimony of a witness only to the extent it is found to be mistaken or untrue. As to the fifteenth, there is some ambiguity in the latter clause, and possibly it might be interpreted by a jury as counsel suggest, were it not for the sixteenth, immediately following, in which the rule permitting the rejection of the entire testimony of a witness, because false in part, is fully and correctly given. The instructions, when considered as a series, are substantially good.

"No other objections are pressed in the brief of appellant. The judgment will be affirmed."

Messrs. EMMONS & WELLS, and Mr. WILLIAM McFADON, for the appellant:

The court erred in permitting the defendant to testify as a witness in said cause, on his own motion, in his own behalf, against the objection of the plaintiff, the latter at the time prosecuting said cause as the administratrix of the estate of A. H. D. Butz, deceased. *Boynton* v. *Phelps*, 52 Ill. 210 ; *Whitmer* v. *Rucker*, 71 id. 410 ; *Langley* v. *Dodsworth*, 81 id. 87 ; *Spencer* v. *Boardman*, 118 id. 553 ; *Ice Machine Co.* v. *Keifer*, 26 Ill. App. 466 ; *Marshall* v. *Karl*, 60 Ill. 208 ; *Penn* v. *Oglesby*, 89 id. 110 ; *Lowman* v. *Aubery*, 72 id. 619 ; *Lockwood* v. *Onion*, 56 id. 508 ; *Ruckman* v. *Alwood*, 71 id. 162 ; *Richerson* v. *Sternburg*, 65 id. 274 ; *Jacquin* v. *Davidson*, 49 id. 82.

The burden was on the defendant to establish, by a preponderance of the evidence, the facts as alleged in his pleas of fraud and circumvention. *Southworth* v. *Hoag*, 42 Ill. 446 ; *Kitner* v. *Whitlock*, 88 id. 516 ; 1 Greenleaf on Evidence, (10th ed.) sec. 74.

It is not sufficient that defendant's proof is equal to plaintiff's. It must be greater, or the negative will be presumed. *Watt* v. *Kirby*, 15 Ill. 200 ; *Bonnell* v. *Wilder*, 67 id. 327 ; *Union Nat. Bank* v. *Baldenwick*, 45 id. 375.

Statements to induce the defendant to execute the note, by the agents, unless prompted or authorized by the payees of the note, were not proper evidence to go to the jury to defeat a recovery on the note. And as plaintiff's intestate was the equitable assignee of the note before maturity, he ought not to be affected by any equities existing between the original parties to the note. *Van Buskirk* v. *Day*, 32 Ill. 267 ; *Mudge* v. *Bullock*, 83 id. 22 ; *Anderson* v. *Warne*, 71 id. 20.

The defendant, by filing his pleas Nos. 2 and 3, sworn to, cast the burthen upon the plaintiff to make such proof of the execution of said note, and its indorsement by the payees, as was required at common law to entitle it to be read in evidence. When that was done, then the burthen was shifted to the defendant to sustain his said pleas. *Kitner* v. *Whitlock*, 88 Ill. 513 ; *Insurance Co.* v. *Gray*, 80 id. 31.

The court erred in admitting improper evidence on behalf of defendant. *Boynton* v. *Phelps*, 52 Ill. 210 ; *Ice Machine Co.* v. *Keifer*, 26 Ill. App. 466 ; *Whitmer* v. *Rucker*, 71 Ill. 409 ; *McKenna* v. *Bolger*, 1 N. Y. 651.

The court erred in refusing the fourteenth and fifteenth instructions asked by the plaintiff, and also erred in giving the eleventh, twelfth, fourteenth, fifteenth and sixteenth instructions for defendant. *Freeman* v. *Easly*, 117 Ill. 317.

If defendant was guilty of any neglect in executing said note, his defense of fraud fails. *Shurtz* v. *Overjohn*, 60 Mo. 313 ; *Chapman* v. *Rose*, 56 N. Y. 137 ; *Douglas* v. *Matting*, 29 Iowa, 498 ; *Anderson* v. *Warne*, 71 Ill. 20.

The assignment of Jennings without recourse was not sufficient to charge plaintiff with notice of defense, so as to put him on inquiry. *Stevenson* v. *O'Neal*, 71 Ill. 314.

Messrs. Carter, Govert & Pape, for the appellee :

The exceptions to section 2 of "An act in regard to evidence and depositions in civil cases," are remedial provisions, and must be construed in such a way as will effect the object in-

tended to be accomplished by the law-makers, even although to do so necessitates a departure from the letter of the statute. *Whitmer* v. *Rucker,* 71 Ill. 410 ; *Williams* v. *Edwards,* 94 Mo. 447.

A promissory note can only be assigned in the manner prescribed by the statute,—that is to say, under the hand of the payee. 2 Starr & Curtis' Ann. Stat. 1654 ; *Simpson* v. *Ranlett,* 2 Gilm. 312 ; *Porter* v. *Drennan,* 13 Bradw. 362.

A person taking a promissory note not payable to himself, without indorsement, takes it subject to all legal and equitable defenses. *Nat. Bank* v. *Strang,* 72 Ill. 559 ; *Clark* v. *Callison,* 7 Bradw. 263 ; *Patterson* v. *Cave,* 61 Mo. 439 ; *Dodger* v. *Savings Bank,* 93 U. S. 379 ; *Hadden* v. *Rodkey,* 17 Kan. 429.

The evidence of Jacob Schwartz was competent, as coming within the second exception to section 2 of the act in question. *Marshall* v. *Karl,* 60 Ill. 208.

The plaintiff and the assignor of the note are privies in estate and in representation, and therefore the witnesses Marion Hughes and David W. Jennings were, within the meaning of said section 2, the agents of the plaintiff. *Chew* v. *Brumagen,* 13 Wall. 497 ; *Strode* v. *Seaton,* 2 A. & E. 171 ; *Williams* v. *Judy,* 3 Gilm. 282 ; *Merrick* v. *Hulbert,* 15 Bradw. 606 ; *Vennum* v. *Thompson,* 38 Ill. 143 ; *Waggoner* v. *Cooley,* 17 id. 239 ; *Miner* v. *Phillips,* 42 id. 123 ; *Gridley* v. *Bingham,* 51 id. 152.

The case is to be considered in the same manner and upon the same grounds as it would have been had the assignor sued. *Kleeman* v. *Frisbie,* 63 Ill. 482 ; 2 Starr & Curtis' Ann. Stat. p. 1666, sec. 11 ; *Bradley* v. *Linn,* 19 Bradw. 322 ; *Lord* v. *Favorite,* 29 Ill. 149 ; *Taylor* v. *Mayther,* 3 T. R. 83.

The testimony of defendant, Jacob Schwartz, was competent under the third exception to said section 2, after the testimony of Jennings and Hughes, two interested witnesses, called for plaintiff, was heard. *Plain* v. *Roth,* 107 Ill. 595 ; *Daub* v. *Englebach,* 109 id. 267 ; *Railroad Co.* v. *Bartlett,* 20 Bradw. 96 ; *Hannon* v. *Richardson,* 48 Vt. 508 ; 21 Am. Rep. 152.

Defendant's testimony was also admissible under the fourth exception to said section 2, after the witnesses Jennings and Hughes had testified, for plaintiff, to matters occurring with defendant before the death and in the absence of plaintiff's intestate, irrespective of their interests in the event of the suit. *Powell* v. *Powell*, 114 Ill. 334; *Coughlin* v. *Haessler*, 50 Mo. 126; *McIntyre* v. *Thompson*, 14 Bradw. 556; *Penn* v. *Oglesby*, 89 Ill. 110; *Walter* v. *Trustees of Schools*, 12 id. 64.

The assignee, equally with the maker of the note, is bound to use proper diligence; and where agents for the sale of patent rights and such matters, who are strangers, offer to sell promissory notes taken by them, a prudent man would have his suspicions aroused, and in such case the purchaser ought to protect himself by inquiring of the apparent maker. *Sims* v. *Bice*, 67 Ill. 88; *Prins* v. *South Bend T. Co.* 20 Bradw. 236; *Stevenson* v. *O'Neill*, 71 Ill. 315.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

We entirely concur in the rulings of the courts below, and we deem it unnecessary to modify or add to anything said by Mr. Justice WALL in the foregoing opinion, except in respect to the ground upon which it was competent for appellee to testify in regard to the same matters of fact testified to by Jennings and Hughes.

The third exception of section 2, chapter 51, of the Revised Statutes of 1874, reads: "Where, in any such action, suit or proceeding, any such party suing or defending, as aforesaid, or any person having a direct interest in the event of such action, suit or proceeding, shall testify in behalf of such party so suing or defending, to any conversation or transaction with the opposite party or party in interest, then such opposite party or party in interest shall also be permitted to testify as to the same conversation or transaction." At the time of the enactment of this exception, the words, "person having a di-

.rect interest in the event of such action, suit or proceeding," had a well known meaning in the law of evidence, and it is therefore to be presumed that they are here used to express that meaning. The rule was, where the event of the suit, if adverse to the party adducing the witness, would render the latter liable either to a third person or to the party himself, there was a direct interest on the part of the witness in the ·event of the suit, and this without regard to whether the liability arose from an express or an implied legal obligation to indemnify. (1 Greenleaf on Evidence, sec. 393.) And so it was held, where the cause depended upon the question whether the agent had been guilty of some tortious act or some negli-.gence in the course of executing the orders of his principal, .and in respect of which he would be liable over to the prin-·cipal, if the latter should fail in the action pending against him, the agent was not a competent witness. 2 Greenleaf on .Evidence, sec. 417 ; *Bruner et al.* v. *Battell, Exr.* 83 Ill. 317, .and authorities there cited.

The payees of the note are liable to the assignee on an implied warranty of the title and genuineness of the note. .*(Drennan* v. *Bunn,* 124 Ill. 175.) If the signature of appellee to the note was obtained by fraud and circumvention, or if it was a forgery, the payees are liable over to the assignee, and that fraud and circumvention, or forgery, being the work ·of Jennings and Hughes, they are liable for the injury thereby occasioned to the payees of the note, and being witnesses and testifying in this case, the judgment against appellant will be conclusive against them, *(Drennan* v. *Bunn, supra,)* and so they are "persons having a direct interest in the event of the ·suit," within the meaning of·the language of exception 3, section 2, *supra.*

The judgment is affirmed.

*Judgment affirmed.*