(No. 11360.—Judgment affirmed.)

FANNIE J. BELLMAN, Admx., Appellant, *vs.* MAX EPSTEIN, Appellee.

*Opinion filed June 21, 1917.*

1. EVIDENCE—*what interest in suit by administrator will disqualify witness to testify.* The interest which disqualifies a witness to testify in a suit by an administrator must be some legal, certain and immediate interest, however minute, either in the result of the cause itself or in the record as an instrument of evidence in some subsequent action to which he is a party, either against him or in support of his claims, and a mere interest in the question to be decided is not sufficient.

2. SAME—*effect of the record as evidence in an action between strangers to it.* Where it is material and competent to prove the existence of a judgment the record of the cause is legitimate evidence between strangers, and its effect is to prove the fact of the judgment.

3. SAME—*when party is a competent witness in suit by administratrix.* The person to whom a defendant claims he paid, and was authorized to pay, a promissory note of a deceased person is a competent witness in a suit on the note by the administratrix, where he is not a party to the suit, as the judgment would not be an adjudication of his liability in a subsequent action against him, nor could the record be introduced to prove or disprove that the deceased gave him authority to receive payment or that the defense set up in the administratrix's suit was well founded.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding.

DENT, DOBYNS & FREEMAN, for appellant.

SYDNEY STEIN, and SIGMUND W. DAVID, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Fannie J. Bellman, administratrix of the estate of Henry J. Bellman, deceased, brought this suit in the municipal court of Chicago against the appellee, Max Epstein, upon a promissory note executed by the appellee to Henry J. Bellman, dated October 20, 1907, for $1000, due eight months after date. The defendant, in answer to the statement of claim, set up the following defenses: (1) No consideration; (2) failure of consideration; (3) that the note was an accommodation note; (4) payment of the note to Elias Mayer, by authority of Bellman, in discharge of Bellman's debt to Mayer. On the trial the defense was confined to payment, and Elias Mayer was offered by the defendant as a witness to prove his defense. He was objected to by the plaintiff as incompetent because he was directly interested in the event of the suit and could not testify against the administratrix. The objection was overruled, and Mayer testified that about May 3, 1906, he was at dinner with Bellman and the defendant in Philadelphia,

when Bellman wanted to sell to him and the defendant stock in the Standard Glue Company, and offered to sell Mayer stock of the par value of $1000 for $900, with an agreement that if Mayer took the stock and was at any time not satisfied with it Bellman would pay back the money with interest at six per cent; that Mayer bought the stock and paid for it; that in March or April, 1909, Bellman told him that the company had been forced into bankruptcy and that he would pay back the $900 with interest, and said that he held a note of the defendant for $1000, given in connection with the stock transaction; that Mayer should tell the defendant to pay him the $900 with interest and Bellman would cancel and destroy defendant's note; that he told the defendant of the agreement and the defendant said he would write to Bellman; that afterwards, about May 15, 1909, he saw a letter addressed to the defendant in the handwriting of Bellman, and that the defendant paid him the $900 and interest, as directed by Bellman. There was a judgment for the defendant, and the cause being removed to the Appellate Court for the First District, the sole question there presented was whether the municipal court erred in ruling as to the competency of Mayer as a witness. The Appellate Court affirmed the judgment and granted a certificate of importance and an appeal to this court.

Section 1 of the statute in regard to evidence and depositions in civil cases removes the disqualification of a witness in any civil action by reason of his or her interest in the event thereof, but by section 2 the disqualification is retained as to any party to the action or person directly interested in the event thereof, where the adverse party sues or defends as administrator of any deceased person. Mayer was not a party to the suit, and when offered as a witness the question presented to the court was whether he was directly interested in the event of the suit. The true test of his interest was whether he would either gain or

lose by the direct legal operation and effect of the judgment or that the record would be legal evidence for or against him in some other action. The interest which disqualifies a witness must be some legal, certain and immediate interest, however minute, either in the event of the cause itself or in the record as an instrument of evidence in a subsequent action to which he is a party against him or in support of his own claims. The interest of the witness must be in the event of the cause itself and not in the question to be decided. (Greenleaf on Evidence, secs. 386-390.) If the interest is direct, certain and vested, the amount or extent of the interest is immaterial. It may be liability for costs, (*Smith* v. *Smith,* 168 Ill. 488,) or in the result of a litigation by a corporation in which the witness is a stockholder, (*Thrasher* v. *Pike County Railroad Co.* 25 Ill. 393; *Consolidated Ice Machine Co.* v. *Keifer,* 134 id. 481; *Albers Commission Co.* v. *Sessel,* 193 id. 153; *Ittner Brick Co.* v. *Ashby,* 198 id. 562; *Scott* v. *O'Connor-Couch,* 271 id. 395;) or in the commissions which an executor would receive if a will is sustained. (*Godfrey* v. *Phillips,* 209 Ill. 584; *Jones* v. *Abbott,* 235 id. 220.) The statute does not regard the amount or degree of interest, but it must be direct and certain. (*Curtenius* v. *Wheeler,* 5 Gilm. 462; *Feitl* v. *Chicago City Railway Co.* 211 Ill. 279; *Ackman* v. *Potter,* 239 id. 578.) The interest is direct and disqualifies if the witness will gain or lose as a direct result of the suit, as in a case to enforce the alleged dedication of a street, which, if successful, would directly inure to the benefit of the witness by enhancing the value of his or her property. (*Schneider* v. *Sulzer,* 212 Ill. 87.) It is evident that Mayer would neither gain nor lose by the event of the suit. If the defense was successful Mayer would gain nothing and would lose nothing, because the defendant, Epstein, would have no claim against him, and the view of counsel that the judgment would confirm his title to $1000 cash in his hands cannot be adopted. He

had no fund in his hands which was the subject of litigation or subject to be disposed of by the judgment. If the plaintiff succeeded and obtained judgment against Epstein the judgment would have no direct and immediate operation or effect regarding any claim of Epstein against Mayer for the money paid. In case of the defeat of Epstein in the suit any alleged claim he might have against Mayer could only be determined in a subsequent action. If the plaintiff should be successful in overcoming the defense of payment and the defendant should sue Mayer and offer the record in evidence, it would be offered against a stranger to the suit in which it was rendered. If it is material and competent to prove the existence of a judgment, the record is legitimate evidence between strangers and its effect is to prove the fact of the judgment. In this case the record would be evidence that the suit was brought upon the promissory note in question; that certain defenses were interposed, among which was the defense that the note was paid, satisfied and discharged by a payment to Mayer under an agreement with Bellman, and that there was judgment for the defendant against the plaintiff. Mayer not being a party to the suit in which the judgment was rendered he could not be bound by it, and the record could not be introduced in the subsequent action to prove or disprove the alleged fact that Bellman gave Mayer authority to receive payment of the note in satisfaction of a claim of Mayer against him or that the defense interposed in this suit was well-founded or not. (Greenleaf on Evidence, sec. 404; *Curtenius* v. *Wheeler, supra; Feitl* v. *Chicago City Railway Co. supra.*) The judgment in the suit to which Mayer was not a party not being an adjudication of his liability in a possible subsequent action of the defendant against him, the record would not be legal evidence for or against him and he was a competent witness.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*