### Gregory T. Van Meter, Administrator of the Estate of Clarence Guyatt Barker, Deceased, Plaintiff in Error, v. Simon Goldfare, Defendant in Error.

### Gen. No. 29,387.

1. WITNESSES—*brother of boy killed in automobile accident as interested witness whose testimony opened door for defendant's testimony.* In an action under the Injuries Act brought by the administrator of the estate of a boy who was killed by defendant's automobile, a brother of deceased who saw the accident and testified to the facts thereof as observed by him was a "person having a direct interest in the event of such action" within the meaning of the third subdivision of section 2 of the Statute relating to the competency of witnesses, Cahill's Ill. St. ch. 51, ¶ 2, subd. 3, and his testimony opened the door for the admission of the testimony of defendant as to the same matters.

2. WITNESSES—*automobile accident as "transaction" with opposite party.* In an action against defendant for the death of a boy struck by his automobile, the occurrence out of which the cause of action arose was a "transaction with the opposite party" within the third exception to section 2 of the statute relating to the competency of witnesses, Cahill's Ill. St. ch. 51, ¶ 2, subd. 3.

Error by plaintiff to the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924. Affirmed. Opinion filed February 3, 1925.

JOHN A. BLOOMINGSTON, for plaintiff in error.

WINSTON, STRAWN & SHAW, for defendant in error; JOHN D. BLACK, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This writ is brought to review a judgment in favor of the defendant in a suit brought under the Injuries Act by the administrator of the estate of a deceased boy whose death was alleged to have resulted from a collision with defendant's automobile.

The declaration charged defendant with negligent management and operation of the automobile, and driving it at a rate of speed greater than fifteen miles per hour in a residence district and than was reasonable and proper.

The only ground urged for reversal is that the court erred in permitting the defendant to testify to the facts of the occurrence.

Defendant in error justifies the ruling on the ground that the plaintiff called as witnesses a brother of the deceased, who was an eyewitness to the accident and testified to the facts thereof as he observed them, and the father of the deceased, who, however, merely testified as to the age of the deceased, his previous state of health, the location of the accident and a photograph of the place.

The question raised is whether the word "transaction," as used in section 2 of our statute relating to the competency of witnesses (ch. 51, R. S.) includes or may be applied to such an occurrence, and the facts and circumstances pertaining thereto.

The exception made in said section to the removal of disqualification by reason of interest in the event of the suit, as a party or otherwise, is stated as follows:

"Section 2. No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein   *   *   *

when any adverse party sues or defends as * * * administrator, * * * of any deceased person, * * * except * * *.

"Third. Where, in any such action, suit or proceeding, any such party suing or defending, as aforesaid, or any person having a direct interest in the event of such action, suit or proceeding, shall testify in behalf of such party so suing or defending, to any conversation or transaction with the opposite party or party in interest, then such opposite party or party in interest shall also be permitted to testify, as to the same conversation or transaction."

In determining the question presented a mere abstract definition of the term "transaction" is hardly an infallible guide. It is, however, so comprehensive in meaning that whatever definition of the term be adopted it should be such as promotes and does not defeat the object and purpose of the statute in which it is used. The question, therefore, is whether the facts at bar, the suit being one by an administrator, bring the case within the exception stated.

It will first be noted that while the suit is brought, as required by the statute, in the name of the administrator the real party in interest in actions of this kind is the next of kin as beneficiary. (*Voorhees v. Chicago & A. R. Co.*, 208 Ill. App. 86.) The action is created by statute, not for the benefit of the estate of the decedent, but for the next of kin of the decedent and his widow, if there be one. (*Prouty v. City of Chicago*, 250 Ill. 222.) The brother of deceased who testified had, therefore, "a direct interest in the event of the action." His testimony related to matters of fact pertaining to the accident which came within his observation and upon which the right of action against the defendant, the "opposite party," is founded. The real question is whether or not those matters constitute within the meaning of the statute "a transaction with the opposite party." If so, then under the statute the "opposite party," the defend-

ant, was properly permitted to testify to the same transaction.

It must next be noted that the object and purpose of statutes of this kind are generally to guard against the temptation to give false testimony in regard to the transaction on the part of the surviving party, and "to put the two parties to a suit upon terms of equality in regard to the opportunity to give testimony." (Jones' Law of Evidence, vol. 3, sec. 790; *Butz v. Schwartz,* 32 Ill. App. 156, affirmed in 135 Ill. 180.) Construing this section in the case cited the court said:

"The object of the second section of the act referred to was to so limit the operation of the first section as to place parties upon an equal footing and not to allow the estate of a deceased person or of a person under the disabilities mentioned to be subjected to a disadvantage not possible if it were not for such death or disability, and the courts have always endeavored to construe the statute according to its spirit and not merely according to its letter. *Whitmer v. Rucker,* 71 Ill. 410."

Most of the statutes on this subject make the adverse party incompetent as to transactions with a deceased person, and the reason therefor has been declared to be because the law presumes the representative of the deceased person to be utterly unable to testify as to the details of the transaction, and hence excludes testimony by the adverse party. (Jones on Evidence, *supra.*)

But the reason is not applicable to a state of facts like this. Here—assuming the affair to be a "transaction" contemplated by the statute—every essential detail thereof tending to establish the cause of action (except as to matters not questioned) was testified to in behalf of the administrator by one of the beneficiaries of the action, and it was with reference to the same details, such as the speed of the car, the relative position of the parties and witnesses, opportuni-

ties for vision, and manner of the collision, that defendant was permitted to testify. Without testimony for plaintiff as to such facts and circumstances the cause of action could not have been maintained. And yet, if defendant, though cognizant thereof, could not testify to the same after a person having a direct interest in the event of such action had given his version thereof, then the statute would operate to give to one having a direct interest in the event of the action the undue advantage of maintaining an action upon his own uncontradicted and unexplained account of a transaction or affair by which he might profit, and with respect to which the defendant, with whom the affair took place, must remain silent. This certainly would not seem to be within the reason of the rule or in consonance with the spirit and purpose of the statute.

The case of *Butz v. Schwartz, supra,* was a suit brought by the administratrix of an assignee of the payee to a promissory note against the maker, to which fraud in obtaining its execution was pleaded. The court sustained the right of the defendant to testify to conversations had by him with agents of the payees of the note at the time it was executed, on the ground that said agents who testified to the execution thereof by defendant had a direct interest in the event of the suit, and said:

"Any fair construction of the exception in question must necessarily admit the entire conversation, and as necessarily whatever was done on the occasion—the whole *res gestæ.*"  (p. 184.)

The affirmance of the Supreme Court sustained the ruling of the Appellate Court.  (135 Ill. 180.)  The rule so stated is applicable here if the *res gestæ* may be said to constitute a "transaction" with the defendant.

But as aptly said by Jones in his work on Evidence: "The term 'transaction' which is used in nearly

all of the statutes has not been given any very definite meaning by the courts. * * * But the courts have interpreted the term as the justice of each case seemed to demand, rather than by any abstract definition * * *." (Vol. 3, sec. 790.)

We can best determine the justice of the case by seeking the intention of the legislature. Speaking on that subject the Supreme Court in *Uphoff v. Industrial Board,* 271 Ill. 312, said:

"This intention is to be gathered from the necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to their real intent. In construing a statute the courts are not confined to the literal meaning of the words. A thing within the intention is regarded within the statute though not within the letter. * * * When the intention can be collected from the statute, words may be modified or altered so as to obviate all inconsistency with such intention. (*Hoyne v. Danisch,* 264 Ill. 467.) * * * The courts are bound to presume that absurd consequences leading to great injustice were not contemplated by the legislature, and a construction should be adopted that it may be reasonable to presume was contemplated."

Keeping in mind, therefore, the object of the statute as above stated, and that so far as placing the parties upon an equal footing in the instant case it would be frustrated or defeated if the testimony of the defendant were excluded, we think it would not do violence even to the letter of the statute, and would accord with its spirit to hold that the phrase "transaction with the opposite party" may appropriately designate the occurrence out of which the cause of action arose.

True, the words "accident" and "occurrence" are not synonymous with the word "transaction," which is more comprehensive than either. But that term may properly designate or embrace the entire state of facts pertaining to either when out of them grows a relation between parties from which a liability may

ensue. It was evidently in that broad meaning that our Supreme Court, in *Chicago City Ry. Co. v. Henry,* 218 Ill. 92, referred to the accident out of which the cause of action arose as a "transaction" when it said discussing plaintiff's description of the accident:

"There was nothing in plaintiff's account of the *transaction* inconsistent with or repugnant to the fixed laws of nature. * * * " (p. 94.)

And, again, in *Heigle v. Willis,* 50 Hun 588, 3 N. Y. Supp. 497, where the cause of action grew out of a collision, the court referred to the same as a "transaction."

In *Scarborough v. Smith,* 18 Kan. 399, 406, the term "transaction" was said to mean, "whatever may be done by one person which affects another person's rights, and out of which a cause of action may arise." This definition is adopted in Anderson's Law Dictionary. Construing a statute prohibiting evidence as to "transactions or communications with deceased persons" it was said in *Holliday v. McKinne,* 22 Fla. 154, 163, adopting the language of *Holcomb v. Holcomb,* 95 N. Y. 316:

"Transactions and communications embrace every variety of affairs which can form the subject of negotiation, interviews or actions between two persons, and include every method by which one person can derive impressions or information from the conduct, condition or language of another."

Construing a similar statute in *Barnett's Adm'r v. Brand,* 165 Ky. 616, 177 S. W. 461, the court said:

"The word 'transaction,' as used in a statute relating to the admissibility of evidence of transactions or communications with deceased persons, has often received judicial interpretation, and is held to mean every variety of affairs which form the subject of negotiations or actions between the parties."

In *Emerson v. Nash,* 124 Wis. 369, 389, the term was defined as follows:

"Any event in which two or more persons are ac-

tors, involving a right which may presently, or by what may proximately occur in respect thereto, be violated, creating a redressible wrong, is a transaction within the meaning of the statute.''

In *McArthur v. Moffet,* 143 Wis. 564, the court, referring to many of those definitions, said:

''If the act of one person wrongfully invades or infringes upon the right of another there is undoubtedly a 'transaction', though the injured party be not physically present. He may, in such case, truly be called a participant in the act, because he is represented by his right which is invaded or violated by his adversary's act.''

The word was construed in *Scott v. Waggoner,* 48 Mont. 536, 139 Pac. 454, as follows:

''The term 'transaction' is not legal and technical, it is common and colloquial; * * * It is broader than 'contract' and broader than 'tort,' although it may include either or both; it is 'that combination of acts and events, circumstances and defaults, which, viewed in one aspect, results in the plaintiff's right of action * * *.' ''

It would subserve no useful purpose to give other definitions. While all of those quoted were not given in construing a statute relating to the competency of witnesses they nevertheless indicate that the courts have given the term a broad, comprehensive meaning whenever necessary to meet the intention and purpose of the statute in which it was employed.

While our attention has not been cited to a strictly parallel case, appellant cites *Di Nardi v. Standard Lime & Stone Co.,* 26 Del. 369, 84 Atl. 124, where the court with a similar statute before it said:

''A transaction contemplates an intercourse, a relation or an action between the parties and it is with reference only to such a 'transaction with' or a 'statement by' the deceased that the statute disqualifies the administrator as a witness.''

It was there held that certain physical facts surrounding the accident forming the basis of the action did not come within the meaning of that term.

The difficulty we find in the case is not with the definition but its application. Other cases above cited support the conclusion that there was a "relation" or "action between the parties," established by the nature of the event,—the accident, in which they were actors,—which involved a right the alleged violation of which forms the basis of this action. (See definition above quoted from *Emerson v. Nash*.)

We can only repeat, therefore, that as a party interested in the event of the action testified as to the facts and circumstances creating a relation which gave rise to the cause of action, we think he opened the door under the statute for defendant to testify to the same matters.

It is argued that no such broad definition can be given to the word "transaction" as modified by the adverbial clause "with the opposite party." The word "with" here is undoubtedly used noting association or connection. But in view of the purpose of the statute and the variety of actions that arise, we do not think the clause was intended to restrict the application of the "transaction" to a situation where there was merely something in the nature of a personal dealing with the deceased or opposite party. Such an interpretation would be altogether too narrow to meet the intention of the legislature. If, as the cases cited seemingly justify, we may adopt the broad meaning of the word, then the affair out of which the cause of action arose was a "transaction with the opposite party," and such a meaning, it seems to us, comports with the object and the intention of the statute.

Accordingly we think the judgment should be affirmed.

*Affirmed.*

FITCH, P. J., and GRIDLEY, J., concur.