(No. 17604.—Reversed and remanded.)
JOSEPHINE OULVEY, Defendant in Error, *vs.* HARVEY S.
CONVERSE *et al.* Plaintiffs in Error.

*Opinion filed June 22, 1927.*

1. BILLS AND NOTES—*title to note is in personal representative at owner's death—will.* At the death of the owner of a promissory note the legal title thereto passes to his personal representative, and a party suing thereon as a legatee under the deceased owner's will must show the endorsement of the personal representative, and it is not sufficient to aver merely that the note was bequeathed to the plaintiff.

2. SAME—*party not the payee must allege facts to show ownership—review.* In an action by one other than the payee of a note the declaration must aver the assignment or endorsement of the note or allege some other fact to show the plaintiff's ownership, and failure to make such averment may be availed of on writ of error, as the omission to allege facts essential to a cause of action is not cured by verdict.

3. SAME—*when endorser is a competent witness.* An endorser, being warrantor of the genuineness of the note endorsed by him, is disqualified as a witness in a suit by a *bona fide* holder where defenses are set up attacking the genuineness of the note, but where the defense is that the obligation has been discharged by a second note delivered to an agent, who sold it and converted the proceeds to his own use, the fact that the agent was an endorser of the note on which the suit is brought does not disqualify him as a witness, where he admits his liability to either the plaintiff or the defendants for the proceeds of the note converted to his own use and where the genuineness of the note sued on is not questioned.

FARMER, J., dissenting.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

W. E. KNOWLES; and T. M. WEBB, for plaintiffs in error.

C. E. POPE, and H. F. DRIEMEYER, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

In July, 1911, Henry T. Renshaw, who was engaged with his brother in the real estate and loan business in East St. Louis, loaned for Eugene Oulvey $9000 to plaintiffs in error, Harvey S. and Fannie Converse. The loan was evidenced by a note payable to the order of Henry T. Renshaw, trustee, and by him endorsed to Oulvey. Plaintiffs in error paid the interest on the note to Renshaw until January 26, 1914, when $2000 was paid on the principal. This payment of principal and all payments of interest were received by Oulvey and endorsed on the note. In January, 1915, plaintiffs in error made a new note in the sum of $7000 and delivered it to Renshaw in payment of the balance due on the $9000 note. When the new note was given, the old note, which was in possession of Oulvey, was not surrendered and Oulvey had no knowledge of the new note. Renshaw sold the $7000 note to Joseph Flach and converted the proceeds to his own use. Plaintiffs in error sold the mortgaged premises and the purchaser paid $7000 to Renshaw to satisfy the $7000 note. To conceal his double-dealing Renshaw continued to pay interest to Oulvey on the balance of the $9000 note. Oulvey died testate and by his will bequeathed the note to his widow, Josephine Oulvey, who is defendant in error. In December, 1923, she brought an action in assumpsit against plaintiffs in error, alleging the making of the note and its endorsement to her husband, his death, and the bequest of the note to her. An affidavit of claim was filed with the declaration, and a copy of the note, together with the endorsements thereon, was attached to it. Plaintiffs in error filed a plea of non-assumpsit and two special pleas, which were accompanied by affidavits of merits. There was a trial and a

judgment for defendant in error, which has been affirmed by the Appellate Court for the Fourth District. The cause is here on *certiorari.*

There are a number of questions presented on the record, but the view we take of the case requires the consideration of two, only, namely, the sufficiency of the declaration and the competency of Henry T. Renshaw to testify.

When Eugene Oulvey died the legal title to the note passed to his personal representative. It did not pass to his widow under his will, and she had no right to bring an action to collect the amount due on the note without transfer of the title to her by endorsement of the personal representative. (*Leamon* v. *McCubbin,* 82 Ill. 263; *People* v. *Abbott,* 105 id. 588; *Illinois Conference* v. *Plagge,* 177 id. 431; *McBride* v. *Vance,* 73 Ohio St. 258, 76 N. E. 938; 2 Woerner on Administration,—3d ed.—sec. 199.) In an action by one other than the payee of a note the declaration must aver the assignment or the endorsement of the note or must allege some other fact to show plaintiff's ownership. (4 Standard Procedure, 262; 14 Ency. of Pl. & Pr. 515.) The necessity for such an averment is recognized in *Higgins* v. *Bullock,* 66 Ill. 37, and *Simpson* v. *Ranlett,* 2 Gilm. 312. There is no averment in the declaration in this case of the endorsement or assignment of the note to defendant in error by the holder of the legal title, nor is there an allegation of facts showing that she owns the note or is entitled to its proceeds. The declaration is clearly insufficient to sustain the judgment, and this defect in pleading may be availed of on error. (*Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 Ill. 161.) The omission to allege facts essential to the statement of a cause of action is not cured by verdict. *Hartray* v. *Chicago Railways Co.* 290 Ill. 85.

On the trial plaintiffs in error offered the deposition of Henry T. Renshaw showing in detail the transactions between him and Eugene Oulvey, and an objection to the

reading of the deposition was sustained. Defendant in error contends that Renshaw is interested in the result of the suit because the judgment in this case will be binding on him, and that he is disqualified by section 2 of the Evidence act. Generally, an endorser of a negotiable instrument warrants to a *bona fide* holder the existence of every essential necessary to constitute the instrument a valid and subsisting obligation. (Negotiable Instrument act, sec. 65.) If the instrument be forged, usurious or subject to other defects rendering it worthless, and if the endorser be notified of such a defense in an action to enforce the obligation, he will be bound by a judgment against the party whom he is obliged to indemnify. (*Drennan* v. *Bunn,* 124 Ill. 175.) Therefore the endorser of a forged or usurious note is a person having a direct interest in the event of an action on the note and is disqualified as a witness. (*Butz* v. *Schwartz,* 135 Ill. 180.) At the time the note in question was given it was not subject to any infirmities which would render it worthless. By his endorsement Renshaw agreed that on due presentment the note would be paid according to its tenor, and that if it were dishonored and the necessary proceedings on dishonor were duly taken he would pay the amount thereof to the holder. Renshaw admittedly received $7000 which does not belong to him and which he must either pay to defendant in error or account for to plaintiffs in error. There is no question at issue in this action in which he is directly interested, and any judgment entered would not adjudicate any question concerning his liability. He was a competent witness and his deposition should have been received. *Bellman* v. *Epstein,* 279 Ill. 34.

The judgments of the Appellate Court and of the circuit court are reversed and the cause is remanded to the circuit court of St. Clair county.

*Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.