Charles L. Sharp, also known as C. L. Sharp, Plaintiff, Katherine Huber, Executor under the Last Will and Testament of Charles L. Sharp, Deceased, Plaintiff-Appellee, v. Grace Kennedy, Defendant-Appellant.

Gen. No. 10,092.

Third District.

January 17, 1957.

Released for publication February 4, 1957.

Hutson & Hutson, of Monticello, and Nichols & Jones, of Tuscola, for defendant-appellant.

Lemna & Lee, of Tuscola, and Giffin, Winning, Lindner & Newkirk, of Springfield, for plaintiff-appellee; James Lemna and Raymond Lee, Jr., of Tuscola, and Robert H. Brunsman, of Springfield, of counsel.

PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

On February 10th, 1955, Charles L. Sharp, also called C. L. Sharp, obtained Judgment by Confession in the Circuit Court of Douglas County, Illinois, against Grace Kennedy. Execution on said judgment was issued and the sheriff returned the execution as not satisfied.

On February 28th, 1955, Grace Kennedy, the defendant filed her motion to vacate and set aside the judgment of February 10th, 1955, and for leave to plead to the complaint, or, in the alternative, to reduce the amount of the judgment. This motion was verified by Grace Kennedy who stated that she had read the motion, and that the facts contained therein were true.

On October 28th, 1955, defendant Grace Kennedy, made motion to file amended and supplemental motion to set aside the judgment and for leave to plead or, in the alternative, to reduce the amount of the judgment. This motion was allowed and on the same day the amended and supplemental motion of the defendant was filed. At the same time, suggestion of the death of Charles L. Sharp was made and on motion Katherine Huber, as Executor of the Estate of Charles L. Sharp was substituted as party plaintiff. On the same day, October 28th, 1955, the plaintiff filed a counter-affidavit, which attacked the defendant's motion on the ground that the motion was not supported by sufficient affidavit as required by Supreme Court Rules 15 and 26 (Smith-Hurd Revised Statutes 1953, Chapter 110, pars. 259.15 and 259.26) and that the defendant Grace Kennedy was not competent to testify to facts occurring before the death of Charles L. Sharp and was not therefore competent to make affidavit in support of defendant's motion. And on the same day, the defendant Grace Kennedy, obtained leave of court to file additional affidavit in support of her motions. This was done on November 2nd, 1955, by the filing of an affidavit by Patricia Kennedy Hutson, daughter of the defendant, which affidavit stated that the affiant had read the motion to vacate and set aside judgment and for leave to plead to said complaint, or, in the alternative, to reduce amount of said judgment; that she had read the amended and supplemental motion to vacate and set aside judgment and for leave to plead to said complaint, and that she had personal knowledge of the facts set forth in both motions, that said facts contained in said motions and each of them were true and that the affiant if sworn as a witness was competent to testify thereto. On November 10th, 1955, the plaintiff filed her second counter-affidavit, and for grounds for dismissal of defendant's motion stated that the mo-

355

tion was not supported by sufficient affidavit as required by Supreme Court Rules 15 and 26, and that the affiant Patricia Kennedy Hutson under Section 2 of the Evidence Act (Smith-Hurd Revised Stat. 1953, Chapter 51, Par. 2) was not competent to testify to facts occurring before the death of Charles L. Sharp and was not competent therefore to make the affidavit in support of the defendant's motion. The second counter-affidavit of the plaintiff further contended that the affidavit does not set forth existing facts but is comprised of conclusions, and as a final ground the counter-affidavit set forth that the motion of the defendant as originally filed and the amended motion were inconsistent. To the second counter-affidavit of the plaintiff, the defendant moved to strike.

On December 16, 1955, the motion of defendant to strike plaintiff's counter-affidavit was denied. The court also denied the motion to set aside the judgment and for leave to plead. From the ruling of the court, the defendant appeals to this court.

From the pleadings it appears that the plaintiff Charles L. Sharp, and Martin B. Kennedy, husband of Grace Kennedy were partners. The partnership was dissolved by agreement dated January 31, 1949, and Martin B. Kennedy and the defendant Grace Kennedy, his wife, executed certain promissory notes as consideration for Sharp's partnership interest upon the dissolution of the partnership.

There were nine of the promissory notes. Notes numbered 1 to 4, inclusive, were dated January 24, 1949, were payable to Charles L. Sharp, and were signed by Martin B. Kennedy and Grace T. Kennedy. Each of these notes were for $1,000 and bore interest at the rate of 4½ per cent per annum. Notes numbered 5 to 8, inclusive, were dated January 1, 1952, were payable to Charles L. Sharp, and were signed by Martin B. Kennedy and Grace T. Kennedy. Each of these notes

was for $1,000 and bore interest at the rate of 4½ per cent per annum. Note numbered 9 was dated August 1, 1953, in the amount of $646.98, was payable to C. L. Sharp, and was signed by M. B. Kennedy and Grace Kennedy. This note bore no interest. On January 21, 1952, Charles L. Sharp and Martin B. Kennedy entered into an agreement which recited that on January 31, 1949, they had entered into a contract dissolving their partnership, and that Sharp had received certain promissory notes as consideration for his withdrawal from the firm. This agreement of January 21, 1952, further recited that Sharp had executed a will providing for the cancellation of said indebtedness which might be owing from Kennedy to Sharp upon Sharp's death. The agreement further provided that Kennedy, upon Sharp's death would purchase Sharp's undivided one-half interest in a building owned by them as tenants in common for the stipulated price of $3,500.

On December 8, 1954, Martin B. Kennedy died, leaving a last will and testament naming his widow, Grace Kennedy, the defendant herein, sole legatee and devisee. On February 10, 1955, judgment by confession was entered against Grace Kennedy in the amount of $9,881.49 and costs of suit. On March 21, 1955, Charles L. Sharp died.

From the pleadings and from the language of the agreement, this court must conclude that a will was executed by Sharp incorporating the provisions of the agreement of January 21, 1952. However, this will is not in evidence and does not appear to have been probated, but a will bearing a later date was probated.

While a number of grounds are urged by each party, it would seem to this court that two questions are at issue, namely, was the affidavit of Patricia Kennedy Hutson, supporting the motions of the defendant sufficient under the rules, and was the said Patricia Ken-

nedy Hutson a competent person to make such affidavit. Or to state it otherwise, if she was competent to make the affidavit, then the only question would be as to the sufficiency of the affidavit. The other matters were not urged before the trial court and will not be considered by this court on appeal.

Taking up first the question of the competency of Patricia Kennedy Hutson as a witness under Section 2 of the Evidence Act, Chapter 51, Illinois Revised Statutes, 1953, the plaintiff questions her competency on the ground that she is an interested person. In support of this position plaintiff cites said Section 2 of the Evidence Act and Bellman v. Epstein, 279 Ill. 34. Section 2 of the Evidence Act provides that: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, . . . when any adverse party sues or defends . . . as the executor, administrator, heir, legatee or devisee of any deceased person, . . . ." It will be noted that this prohibition only applies to a person who is directly interested.

The case of Bellman v. Epstein, 279 Ill. 34, cited by the plaintiff, does not support the plaintiff's contention that a daughter of an interested person would be incompetent. In that case, the Court said: "The interest which disqualifies a witness must be some legal, certain and immediate interest." Here Patricia Kennedy Hutson was a daughter of Martin B. Kennedy and Grace Kennedy. Martin B. Kennedy was dead and by his will had left his entire estate to his widow, Grace Kennedy. This daughter had no legal, certain or immediate interest in any matter concerning her mother, or her father, since the widow could dispose of the father's estate, could will it away or otherwise alienate all of it. It might well be that the daughter might be incompetent as to the estate of Martin B. Kennedy,

where a contest of the will or something of that nature were involved, but here, she has no legal, certain or immediate interest in the matter in which her mother is a defendant.

In the case of In Re Estate of Gillen, 288 Ill. App. 436, which is somewhat similar to the instant case, James Gillen was a Catholic priest. His brother Peter Joseph Gillen was a doctor. Dr. Gillen and his wife borrowed from Father James Gillen the sum of $3,350 and executed notes for this amount. Later Dr. Gillen died with the notes unpaid, and Father James Gillen and the widow, Mary E. Gillen entered into an agreement for cancellation of the notes for $520. Upon the death of Father James Gillen, his executor filed a claim against the estate of Dr. Peter Gillen. The children of Dr. Peter Gillen and Mary E. Gillen were held to be competent witnesses, since by the will of Dr. Peter Gillen, his entire estate had been devised and bequeathed to Mary E. Gillen, his widow, and the children were not interested therefore as beneficiaries. And in that case, the court citing Britt v. Darnell, 315 Ill. 385, said: "The interest disqualifying a witness must be such that pecuniary gain or loss will result to the witness from the judgment or decree of the court."

In the case of Williams v. Garvin, 389 Ill. 169, the plaintiff's daughter Julia Foster and son-in-law Ray Foster, were held to be competent witnesses on the ground that they were not directly interested. The court in that case said: "A person directly interested within the meaning of Section 2 of the Evidence Act must also have an immediate interest, (Brownlie v. Brownlie, 351 Ill. 72,) that is, an interest which will result in a gain or loss from the judgment or decree (Britt v. Darnell, 315 Ill. 385). True, if the plaintiff did not outlive Julia Foster and did not dispose of the property prior to her death, the Fosters would profit. But this is not the character of interest which this court

has held to be certain, direct and immediate. Julia may not outlive her mother or her mother may sell the property."

In the case of Citizens Nat. Bank of Decatur v. Doran, 3 Ill.App.2d 383, the court said at page 398: "The interest which disqualifies a witness under sec. 2, ch. 51, Ill. Rev. Stats. 1953 (Jones Ill. Stats. Ann. 107.068) must be a legal interest which is direct, certain and immediate so that the party will gain or lose as a result of the suit."

Here it is difficult to reconcile the position of the plaintiff with the facts in the case. The entire estate of Martin B. Kennedy had been left to his widow, Grace Kennedy, the defendant here. Mrs. Kennedy could dispose of it any way she saw fit and entirely disinherit her daughter. Whether or not a judgment was rendered against the mother, there was nothing direct, certain or immediate in the interest of the daughter. As was said in the case of Williams v. Garvin, 389 Ill. 169, Mrs. Kennedy might outlive her daughter, or she might dispose of her property.

In the case of Hughes v. Medendorp, 294 Ill. App. 424, which was a personal injury case based upon alleged negligence that caused the death of the plaintiff's son, the daughter of the defendant was held to be a competent witness.

We must therefore hold that Patricia Kennedy Hutson, had no legal, direct, certain or immediate interest in the estate of her father, Martin B. Kennedy, and that she had no legal, direct, certain or immediate interest in the outcome of this suit, or such an interest that would result in a gain or loss from any judgment or decree entered. Patricia Kennedy Hutson is therefore a competent witness and competent to testify to the facts in the affidavit.

The other point is the sufficiency of the affidavit. The plaintiff attacks the affidavit on three grounds: 1. That

360

Patricia Kennedy Hutson is an interested person and therefore incompetent to testify. This matter has been passed upon. 2. That the affidavit does not set forth existing facts but is comprised of conclusions of the affiant. 3. That the original motion of defendant and the amended motion are inconsistent. Taking up Ground No. 2, we cannot agree with the contention of the plaintiff. The amended motion of the defendant to vacate and set aside the judgment and for leave to plead sets forth in detail all the following: the notes in question; the partnership between Charles L. Sharp, original plaintiff and her husband, Martin B. Kennedy; the terms and conditions of the issuance of the notes; the dissolution of the partnership on January 31, 1949; the agreement dated January 21, 1952, between Charles L. Sharp and Martin B. Kennedy, for the cancellation of the notes upon the purchase of Sharp's interest in a certain piece of real estate for $3,500, this contract being set forth verbatim in motion; the death of Martin B. Kennedy and the terms of his will; the death of Charles L. Sharp; the offer and tender of the sum of $3,500 for the purchase of the interest of Sharp in the certain parcel of real estate; the claim that the defendant was an accommodation maker only of the notes, and the statement that the defendant had a good and valid defense to the suit. In support of all these alleged defenses, an affidavit by a competent witness is to the effect that she, the affiant, has personal knowledge of the facts set forth in the motion; that the facts contained therein and each of them are true and that if sworn as a witness the affiant would testify competently thereto.

These are definite matters stated by the defendant, which would entitle her to a trial on the merits. And while the affidavit of Patricia Kennedy Hutson does not refer specifically to each matter alleged in the motion and restate the same, yet, the affiant does state

361

under oath that she has personal knowledge of each fact alleged, and that the same and each of them is, true. This would seem to be sufficient. We do not believe that the rules impose upon the affiant the burden of restating everything in the motion, complaint or answer, and in such reference makes oath that these matters are true. We must therefore hold that the affidavit is sufficient as to detail and facts alleged.

As to Ground No. 3, the trial court permitted the defendant to file the amended motion. While there is no record of a withdrawal of the original motion on the part of the defendant, yet the filing of the amended motion in effect superseded the original motion. We see no merit in this contention.

In conclusion, we must hold that the trial court should have permitted the vacation of the judgment and allowed the defendant to plead and set up her defense. The agreement dated January 21, 1952, which was set out in full in the amended motion by the defendant together with the other matters pleaded, plead such a state of facts that it would entitle the defendant to plead to the complaint, and the trial court should have permitted her to plead, so that the issues so presented could have been tried on the merits.

The order of the trial court, denying the defendant's motion to set aside the judgment and for leave to plead is reversed and the cause remanded with instructions to set aside the judgment and grant leave to the defendant to plead.

Reversed and remanded with directions.